Frank and Lydia PAULO,
Plaintiffs-Appellants,

v.

BEPEX CORPORATION,
Defendants-Appellees.

No. 85–2291.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1986.

Decided June 20, 1986.

Joseph R. Sandell, San Francisco, Cal., for plaintiffs-appellants.

James Bennett, Morrison & Foerster, San Francisco, Cal., for defendants-appellees.

Before SCHROEDER, CANBY, and BOOCHEVER, Circuit Judges.

SCHROEDER, Circuit Judge.

The issue in this appeal is one of choice of law. The suit arises out of injuries which plaintiff Frank Paulo suffered in an industrial accident. Plaintiffs are both residents of Toronto, Ontario. At the time of the accident, Mr. Paulo was employed at a Toronto meat processing plant. The accident occurred when he slipped into a meat grinder and severely injured his right arm.

The plaintiffs filed this action in California against Bepex Corporation, whose predecessor in interest manufactured the meat grinder in California. The defendant Bepex at the time this action was filed was incorporated in Delaware and had its principal place of business in Illinois, but did business in California and Ontario.

The district court granted summary judgment in favor of the defendant, applying the law of Ontario. The sole question

on appeal is whether the law of Ontario, the place of the accident and residence of the plaintiffs, or the law of California, the place of the manufacture of the allegedly defective equipment, should apply.

Because of administrative rulings in Ontario involving this case, there is no question that Ontario law precludes recovery by this plaintiff against this defendant. That is because both the plaintiff's employer and the defendant are so-called "schedule 1" employers under the Ontario Workmen's Compensation Act. Under section 8(9) of that Act, an employee of a schedule 1 employer cannot recover damages from another section 1 employer for losses caused by fault or negligence.[1] The purposes of the law are to fix compensation for employees injured on the job, to prevent litigation against the employee's own employer, and, as well, to prevent litigation against all employers contributing to the workers' compensation fund. Plaintiff has recovered all workers' compensation benefits authorized under the Ontario Workmen's Compensation Act.

■ California law applicable to a case of this kind is significantly different. Plaintiffs would be permitted to maintain this action and recover product liability damages from a third party tortfeasor, regardless of whether that tortfeasor is a California employer. Cal. Labor Code § 3852 (West Supp.1986).

■ In determining whether California or Ontario law should apply in this diversity case we must apply the conflict of law rules of the state in which the district court sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). California has adopted the governmental interest approach to interstate conflict of law problems, *see Reich v. Purcell*, 67 Cal.2d 551, 555, 432 P.2d 727, 730, 63 Cal.Rptr. 31, 34

(1967), and it has also adopted this approach to resolve conflicts between the law of a state and a foreign country. *Hurtado v. Superior Court of Sacramento County*, 11 Cal.3d 574, 580 n. 2, 522 P.2d 666, 669 n. 2, 114 Cal.Rptr. 106, 109 n. 2 (1974).

Under the governmental interest approach, when a true conflict between the laws of two jurisdictions exists, the court must compare the extent to which each state's interest would be impaired by application of the other state's law, and then apply the law of the state whose policy would be most impaired. *Nelson v. International Paint Co.*, 716 F.2d 640, 644 (9th Cir.1983); *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 319–21, 546 P.2d 719, 722–24, 128 Cal.Rptr. 215, 218–20, *cert. denied*, 429 U.S. 859, 97 S.Ct. 159, 50 L.Ed.2d 136 (1976).

The district court found, and the parties agree, that there is a true conflict in this case. We must therefore analyze the policies underlying both the law of California, which would apply its products liability law to permit the suit to be maintained, and the Ontario Workmen's Compensation law, which would preclude maintenance of this action. We must determine which jurisdiction's interests should prevail.

The parties do not seriously dispute the policies underlying the laws of the respective jurisdictions. The interest of Ontario is to provide employees benefits regardless of fault, but, at the same time, to protect from tort liability all employers who contribute to its compensation pool. *See* Restatement (Second) of Conflict of Laws § 184 comment b (1971) (explaining the rationale of workers' compensation law). Ontario's interest in applying its law both to employees and employers within its jurisdiction would be significantly undermined if this Ontario employee were permitted to

---

**1.** Section 8(9) provides in relevant part:

(9) No employer in Schedule 1 and no employee of an employer in Schedule 1 or dependent of such employee has a right of action for damages against any employer in Schedule 1 or any employee of such employ-

er, for an injury for which benefits are payable under this Act, where the employees of both employers were in the course of their employment at the time of the happening of the injury....

pursue tort litigation against an Ontario employer.

■ The policies of the State of California in permitting recovery against manufacturers of defective products are, first, to compensate individuals injured by defective products and, second, to deter the manufacture of such products. *See, e.g., Escola v. Coca-Cola Bottling Co. of Fresno,* 24 Cal.2d 453, 462, 150 P.2d 436, 440–41 (1944) (Traynor, J., concurring). In this case, California does have some interest in deterring the manufacture of defective goods in its state which might injure California citizens, and that interest would be undermined to some extent if Ontario law were applied. At the same time, however, it has little interest in applying its law to compensate citizens of Ontario. We therefore agree with the district court's conclusion that Ontario's interests would be fully served if its law were applied in this case, while the interests of California would be far less significantly impaired if its law were not applied.

On appeal, the plaintiffs basically accept this general analysis of the interests of the states, but question its application in this case because of the particular sequence of events involved. Specifically, they point out that in 1970, when the meat grinder was manufactured and the defendant's allegedly culpable conduct occurred, the defendant had no employees in Ontario. Appellants thus contend that Ontario has no interest in limiting the liability of this particular employer.

The difficulty with this position, however, is that Ontario does have an interest in applying its law to those who are employees and employers at the time of the injury. Its interests are clearly implicated in this case, where the employee and the defendant were both participants in Ontario's workers' compensation system at the time of the injury. The district court's granting of summary judgment in favor of the defendant must accordingly be affirmed.