Alfred Gerome **NELSON** and Vida Nelson, Plaintiffs-Appellants,

v.

**INTERNATIONAL PAINT COMPANY,** Defendant-Appellee.

No. 83–1739.

United States Court of Appeals, Ninth Circuit.

Sept. 20, 1983.

As Modified on Denial of Rehearing

Oct. 24, 1983.

Paul E. Knisely, Spivey & Grigg, Austin, Tex., for plaintiffs-appellants.

David W. Gordon, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant-appellee.

Before TUTTLE *, SNEED and FARRIS, Circuit Judges.

SNEED, Circuit Judge:

Appellants, Alfred and Vida Nelson, seek review of the district court's dismissal of their products liability claim on the ground that the statute of limitations has run. Jurisdiction in the federal district court existed by virtue of diversity of citizenship. 28 U.S.C. § 1332. Appellants argue that the district court erred in looking to the choice of law rules of the forum state, California, and that the court should have applied the rules of Texas, the state from which their claim was transferred. Appellants also contend that the district court should have tolled the statute of limitations in this case by relying on an equitable exception to the statute. We reject these arguments and affirm.[1]

## I.

### FACTS

Alfred Nelson was injured on June 30, 1978, when he inhaled toxic fumes while painting over a weld at a construction site in Kodiak, Alaska. Nelson alleges that his injury was caused by defectively designed paint.

Shortly after his injury, Nelson returned to his native Texas, where he employed Texas counsel to file a products liability action against the manufacturer of the paint. The Texas counsel contacted an Alaska attorney, and arranged for him to sue the paint manufacturer and distributor in the courts of that state. That attorney left Alaska before the suit was brought, but an associate in his firm filed an action in Alaska state court in April, 1980, naming among the defendants International Paint Co. (Ipco) and International Paint Co. of California (Calco). However, because of Nelson's ill-health, and concern that the new Alaska counsel was inexperienced, plaintiffs directed that a voluntary non-suit be taken in the Alaska court.

Suit based on diversity of citizenship was refiled in the United States District Court in Austin, Texas on May 15, 1980 against Ipco. In answer to an interrogatory on June 16, 1981, the Nelsons learned that the paint was not manufactured by Ipco, but by Calco, its wholly owned subsidiary. On September 11 of that year, plaintiffs added Calco as a party defendant. Calco moved to dismiss the complaint against it for lack of personal jurisdiction. The Nelsons opposed the motion, arguing that the court had jurisdiction over Calco because Calco was closely integrated with Ipco, a company doing business in Texas. The court held that Ipco and Calco were sufficiently separate entities that the Nelsons could not obtain personal jurisdiction over Calco in Texas. The court then ordered the claim against Calco transferred to a court with jurisdiction over Calco. The case was transferred to the Northern District of California on September 2, 1982. The Nelsons did not appeal the order.[2]

After the transfer of the case, Calco moved to dismiss because the statute of limitations had run. The district court granted the motion, holding that California

---

* Honorable Elbert P. Tuttle, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. Calco also argues that even if we were to apply the two year statute of limitations of Texas or Alaska law, appellants would not be able to amend the complaint to add Calco as a party. Calco points out that it was not served in Texas until after the two year limitations period had run and asserts that appellants would be unable to add Calco under Fed.R. Civ.P. 15(c), the "relation back" rule in diversity actions, *see Santana v. Holiday Inns, Inc.,* 686 F.2d 736, 740 (9th Cir.1982). Appellants reply that the Alaska suit provided Calco with sufficient notice to satisfy the requirements of Rule 15(c). *Cf. Williams v. United States,* 711 F.2d 893 at 898 (9th Cir.1983). We do not need to reach this issue, however, since we hold that California law governs this case.

2. The appellants retain their Texas claim against Ipco. We express no opinion here as to whether the appellants might be able to recover against Ipco in that forum on the theory of strict liability in tort for a designer of a defective product. *See, e.g., General Electric Co. v. Schmal,* 623 S.W.2d 482, 484 (Tex.App.1981).

law applied to the action, and that the state's one year statute of limitations barred suit against Calco. The court refused to allow the complaint against Ipco to be amended to relate back to Calco, or to toll the statute of limitations. The plaintiffs appeal.

## II.

## DISCUSSION

### A. *Proper Choice of Law Rules*

■ In diversity cases, the district court normally applies the substantive law of the forum state, including its choice of law rules. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Here, the district court followed the choice of law rules of forum, California, rather than those of the state of the transferor court, Texas. Appellants argue that Texas choice of law rules should have been used.

■ In determining whether the laws of the transferor or the transferee state apply to a diversity action that was transferred from one state to another before October 1, 1982,[3] we distinguish between cases transferred for the convenience of one of the parties under 28 U.S.C. § 1404(a), and cases transferred under 28 U.S.C. §§ 1404(a) or 1406(a) to cure a lack of personal jurisdiction in the district where the case was first brought.[4] In the former cases, we must apply the law of the trans-

feror court to prevent parties from seeking a change in venue to take advantage of more favorable laws in another forum. *See Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). In the latter type of cases, however, it is necessary to look to the law of the transferee state, also to prevent forum shopping, and to deny plaintiffs choice-of-law advantages to which they would not have been entitled in the proper forum. *See, e.g., Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 991–93 (11th Cir. 1982); *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1103–11 (5th Cir.1981); *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 165 (3d Cir.1980), *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Martin v. Stokes,* 623 F.2d 469, 472–73 (6th Cir.1980); *see also* 1 Moore, Federal Practice ¶ 0.145[4.–5]; Note, 63 Corn.L.Rev. 149, 160 (1977). The present case falls in the latter category, since the case was transferred because there was no personal jurisdiction in Texas over Calco. Thus, the laws of the transferee state, California, should govern the case.

Appellants note that the Ninth Circuit has not ruled on this choice of law issue, and argue that we should follow *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir.1967), in which the court held that the laws of the transferor state applied, even though there was no in personam jurisdiction over the defendant in the original forum. We decline to follow *Mayo Clinic;* it is a minority

3. For cases transferred for lack of jurisdiction in the transferor court after October 1, 1982, 28 U.S.C. § 1631, provides that the action "shall proceed as if it had been filed in ... the court to which it is transferred ...."

4. 28 U.S.C. § 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *Id.* § 1406(a) states:
   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
   The Supreme Court has held that a claim may be transferred under section 1406(a)

where venue in the transferor court is proper, but personal jurisdiction over the defendant cannot be obtained there, *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962), and several lower courts have relied on both section 1404(a) and section 1406(a) to transfer a claim where the transferor forum is unable to obtain in personam jurisdiction over a party. *See, e.g., United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Froelich v. Petrelli,* 472 F.Supp. 756, 759–60 (D.Haw.1979); *contra Martin v. Stokes,* 623 F.2d 469, 473–74 (6th Cir.1980). We need not decide whether only section 1406(a) or both 1406(a) and 1404(a) could authorize the transfer in this case.

view and is factually distinguishable. In that case, the statute of limitations was identical in both the transferor and transferee states, and the defendant was served in the transferor state before the expiration of the statute of limitations. Here, in contrast, Calco was not properly served until after the expiration of both the Texas and California statutes of limitations. We therefore affirm the district court's holding that California law should be applied in this case.

## B. *California's Choice of Law Rules*

■ The district court, looking to the choice of law rules of the forum, held that California law requires the use here of that state's one year statute of limitations for tort actions. *See* Cal.Code Civ.Proc. § 340(3). Inasmuch as Calco was not added as defendant until September, 1981, over three years after the date of Nelson's accident when the cause of action accrued, *see Sidney-Vinstein v. A.H. Robins Co.,* 503 F.Supp. 194, 197 (N.D.Cal.1980), *aff'd,* 697 F.2d 880 (9th Cir.1983), the district court concluded that the complaint against Calco was barred under California's statute of limitations. We must accept the district court's interpretation of the law of the forum unless it is "clearly wrong." *In re Mistura, Inc.,* 705 F.2d 1496, 1497 (9th Cir. 1983).

■ It was not in this case. As we explained in *Liew v. Official Receiver and Liquidator,* 685 F.2d 1192, 1195 (9th Cir. 1982), California uses a "governmental interest" approach to the choice of laws, requiring analysis to proceed by means of the following steps:

1. ... [E]xamine the substantive law ... to determine if the laws in the two jurisdictions differ as applied to this ... transaction;

2. If they do differ, then ... determine whether both jurisdictions have an interest in having their laws applied. If only one jurisdiction has such an interest, then

we do not have a "true conflict" and we apply the law of that jurisdiction; ...

3. If there is a "true conflict" then we proceed, under the "comparative impairment" approach, to determine which jurisdiction's interest would be more impaired if its policy were subordinated to the policy of the other. The conflict should be resolved by applying the law of the jurisdiction whose interest would be more impaired if its law were not applied.

*Id.* at 1196. *See also Fleury v. Harper & Row, Publishers, Inc.,* 698 F.2d 1022, 1025 (9th Cir.1983).

In the present case, analysis need not go beyond step 2. As the parties agree, California's one year statute of limitations conflicts with the two year statutes of the other interested forums, Texas and Alaska. But only California has an interest in having its law applied. As the California Court of Appeal explained in *Ashland Chemical Co. v. Provence,* 129 Cal.App.3d 790, 794, 181 Cal.Rptr. 340, 341 (1982), a case involving a conflict between California and Kentucky statutes of limitations, with a Kentucky plaintiff, California defendants, and a California forum:

Here California is the only interested state. Statutes of limitation are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost .... California courts and a California resident would be protected by applying California's statute of limitations because California is the forum and the defendant is a California resident. Applying California's statute of limitations would thus advance its underlying policy. In choice of law terms, California has an "interest" in applying its law. In contrast, Kentucky has no interest in having its statute of limitations applied because ... there are no Kentucky defendants and Kentucky is not the forum. This case ... is "the very paradigm of

the false conflict" .... The court properly applied California law.

(citations omitted).[5]

The present case parallels *Ashland,* since the forum is in California, and the only defendant is a California resident. Only California has an interest in having its statute of limitations applied. Thus, the conflict between California and Alaska or Texas law is false, and the district court correctly applied California law to dismiss the action.

## C. *Equitable Exceptions to the Statute of Limitations*

Appellants contend that the district court erred by not applying as defenses or exceptions to the statute of limitations the doctrines of equitable tolling, the discovery rule, and fraudulent concealment. As was the case with the statute of limitations, we review the district court's decision to reject the above doctrines under the "clearly wrong" standard. *See Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.,* 707 F.2d 1030, 1033 (9th Cir.1983). The district court's decision here also was not clearly wrong.[6]

### 1. *Equitable Tolling*

The doctrine of equitable tolling of the statute of limitations applies in California in the absence of a tolling statute where a litigant has several legal remedies and pursues a remedy in good faith in another forum or by another method. *Addison v. State,* 21 Cal.3d 313, 318–19, 578 P.2d 941, 943–44, 146 Cal.Rptr. 224, 226–27 (1978). However, as a precondition for in-

vocation of this doctrine, there must have been "timely notice" to the defendant. *Id.; Jackson v. Hayakawa,* 605 F.2d 1121, 1127 (9th Cir.1979), *cert. denied,* 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980). Although there is no tolling statute in this case, appellants did not give timely notice to Calco of their suit against it. The suit commenced against Ipco in Texas cannot constitute notice to Calco, since the Texas court held that Ipco and Calco are separate entities, and appellants are collaterally estopped from asserting the contrary here. Appellants properly do not claim that the abortive Alaska suit gave Calco notice. *See* Brief for Appellants at 4. Thus, the equitable tolling doctrine does not help appellants.

### 2. *Discovery Rule*

Under the discovery rule, the statute of limitations in a products liability action does not begin to run until the plaintiff is aware of the injury or of its cause. *Saliter v. Pierce Brothers Mortuaries,* 81 Cal.App.3d 292, 297, 146 Cal.Rptr. 271, 274 (1978). But, as appellees point out, a plaintiff is charged with full knowledge of what an inquiry conducted with "reasonable diligence" by a "reasonably prudent person" would uncover. *Id.* at 297–98, 146 Cal.Rptr. at 274–75. Appellants argue that we should remand this case to the district court to determine whether they learned of the existence of Calco within the limitations period. This is not necessary, however, because the record shows that Calco was served as a defendant in the Alaska suit. Therefore appellants must—or at least reasonably should—have been aware of Calco

5. Although there is no decision of the California Supreme Court on point here, in "cases where jurisdiction rests on diversity of citizenship, federal courts must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently." *Fleury v. Harper & Row, Publishers, Inc.,* 698 F.2d 1022, 1026 (9th Cir.1983).

6. Appellants insist that we must undertake a separate choice of law analysis for each of the above defenses. There is no need to do this,

however, since the Alaska and Texas laws do not conflict significantly with California's regarding the discovery rule, *see, e.g., Greater Area, Inc. v. Bookman,* 657 P.2d 828, 829–30 (Alaska 1982); *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977), and the doctrine of fraudulent concealment, *see, e.g., Sharrow v. Archer,* 658 P.2d 1331 (Alas.1983); *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974). We have not had pointed out to us an application of equitable tolling in Alaska or Texas.

as a possible defendant two years before it was served. The discovery rule therefore does not toll the statute of limitations here.

### 3. Fraudulent Concealment

■■■■ Appellants' final argument, that Calco should be estopped from asserting a statute of limitations defense because it fraudulently concealed its identity, is without merit. The doctrine of fraudulent concealment requires a misrepresentation of liability and an intent to conceal. *Baker v. Beech Aircraft Corp.*, 96 Cal.App.3d 321, 329–31, 157 Cal.Rptr. 779, 784–86 (1979). Appellants allege two "fraudulent acts"—first, that Calco should have stated on the paint can that it manufactured the paint, whereas the can merely said that the paint was an Ipco product, and that Ipco had a California office. Also, they contend that Ipco should have volunteered that it did not manufacture the paint after having been served in Texas, rather than waiting for an interrogatory to identify the manufacturer. These omissions on the part of Ipco do not amount to misrepresentation or fraudulent concealment. Appellants' Alaska attorney discovered the existence of Calco, presumably in part from examining the paint can. And Ipco was under no duty to volunteer information about Calco—they were separate entities. Moreover, even had Ipco done so immediately after being served, the California statute of limitations had already run, and the information would have been to no avail in this suit.

AFFIRMED.