**Alfonso LEDESMA, Josephine Rodriguez, Rafaela Gaytan, and Jennifer Santiago, Plaintiffs-Appellants,**

**v.**

**JACK STEWART PRODUCE, INC., a corporation, John Wayne Mize, and Jack Stewart, Defendants-Appellees.**

**No. 85-2438.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1986.

Decided May 5, 1987.

---

Theodore L. Slinkard, Fresno, Cal., for plaintiffs-appellants.

David H. Bent, Fresno, Cal., for defendants-appellees.

Before NELSON, WIGGINS and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

Alfonso Ledesma, Josephine Rodriguez, Rafaela Gaytan, and Jennifer Santiago seek review of the district court's dismissal of their personal injury claim on the ground that the statute of limitations had run. They argue that under the California choice-of-law rules the district court should not have applied the one-year California statute of limitations to their claim. They further argue that, even if the California statute of limitations was properly applied, the district court should have tolled it pursuant to Cal.Civ.Proc.Code § 351 (West 1982). We agree with the first contention. Accordingly, we reverse and remand to the district court for further proceedings.

I

FACTS

On May 13, 1981, Alfonso Ledesma, Josephine Rodriguez, Rafaela Gaytan, and Jennifer Santiago ("plaintiffs"), all California residents, were injured on an Arizona highway when their van was allegedly struck by a tractor driven by defendant John Wayne Mize, an Arkansas resident, and owned by defendants Jack Stewart Produce, Inc., an Oklahoma corporation with its principal place of business in Oklahoma, and Jack Stewart, an Oklahoma resident ("defendants"). On April 7, 1983,

plaintiffs filed a diversity action in the Eastern District of California, seeking damages arising out of the accident. The defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), arguing that the one-year California statute of limitations applied and barred the action against them. *See* Cal.Civ.Proc.Code § 340(3) (West Supp. 1987). The district court granted the defendants' motion to dismiss the action as time-barred.[1] Plaintiffs appeal from the order of dismissal.

## II

## DISCUSSION

### A. Standard of Review

■ We review the district court's choice-of-law decision de novo. *In re Yagman*, 796 F.2d 1165, 1170 (9th Cir.1986); *In re McLinn*, 739 F.2d 1395, 1398 (9th Cir. 1984). The same standard applies to review of a dismissal under Rule 12(b)(6). *Plaine v. McCabe*, 790 F.2d 742, 751 (9th Cir.1986).

### B. California's Choice-of-Law Rules

■ It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *In re Yagman*, 796 F.2d at 1170; *Paulo v. Bepex Corp.*, 792 F.2d 894, 895 (9th Cir.1986). California has adopted a "governmental interest" approach to resolve choice-of-law problems. *In re Yagman*, 796 F.2d at 1170; *Reich v. Purcell*, 67 Cal.2d 551, 555, 432 P.2d 727, 730, 63 Cal.Rptr. 31, 34 (1967). Under that approach, the court must first determine if the laws of the two jurisdictions differ. If

they do differ, the court should determine whether both states have an interest in applying their respective law. If only one state has an interest, there is no "true conflict" of laws and the court should apply the law of the interested jurisdiction. If both states have an interest in having their differing laws applied, a true conflict arises; in that case the court should apply the law of the state whose interest would be more impaired if its law were not applied. *Liew v. Official Receiver & Liquidator*, 685 F.2d 1192, 1195–96 (9th Cir. 1982) (citing *Offshore Rental Co. v. Continental Oil Co.*, 22 Cal.3d 157, 583 P.2d 721, 148 Cal.Rptr. 867 (1978)); *see also Nelson v. International Paint Co.*, 716 F.2d 640, 644 (9th Cir.1983).[2]

California's one-year statute of limitations clearly differs from the two-year statutes of limitations in effect in Arizona and Oklahoma and the three-year statute in Arkansas. *See* Ariz.Rev.Stat.Ann. § 12–542 (West Supp.1986); Ark.Stat. § 27–907 (1979); Okla.Stat.Ann. tit. 12, § 95 (West Supp. 1987). Therefore, we move to the second step of the analysis to determine whether each state has an interest in applying its law in this case. The district court, relying on *Nelson*, concluded that the governmental interest analysis invariably dictates that the statute of limitations of the forum state must apply. *Nelson* did not, however, set down a per se rule.

In *Nelson*, we were faced with a conflict between the one-year California statute of limitations and the two-year statutes of Texas and Alaska. A Texas plaintiff brought an action in California against a California defendant for injuries sustained in Alaska. Relying on the reasoning of

---

**1.** Although the statute-of-limitations defense is usually raised in a responsive pleading, *see* Fed.R.Civ.P. 8(c), the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir.1980).

**2.** The dissent contends that California follows the Restatement rule and does not apply the "governmental interest" analysis to statutes of limitation. In *Ashland Chemical Co. v. Provence*, 129 Cal.App.3d 790, 794, 181 Cal.Rptr.

340, 341 (1982), however, a California court did apply the governmental interest test to conflicting statutes of limitation. Furthermore, in *Nelson* this court relied on *Ashland* and unequivocally applied the governmental interest test to the conflicting statutes of California and another state. *Nelson*, 716 F.2d at 644. The Restatement and the dissent notwithstanding, we must follow the law of California and this circuit and apply the governmental interest approach to this case.

*Ashland Chemical Co. v. Provence*, 129 Cal.App.3d 790, 181 Cal.Rptr. 340 (1982), we found that, in the particular circumstance of the case, only California had an interest in applying its statute of limitations. We based this decision on the California court's explanation in *Ashland* that statutes of limitations " 'are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases.... California courts and a California resident would be protected by applying California's statute of limitations because California is the forum and the defendant is a California resident.' " *Nelson*, 716 F.2d at 644 (quoting *Ashland*, 129 Cal.App.3d at 794, 181 Cal.Rptr. at 341). The *Ashland* court concluded that when both the forum and the defendant's residence were the same, no state other than California had an interest in having its statute applied. *See id.* at 644–45. We decided *Nelson* in accord with *Ashland* because *Nelson* "parallels *Ashland,* since the forum is in California and the only defendant is a California resident." *Id.* at 645.

The present case differs from *Nelson,* both on its facts and in its policy considerations. Unlike *Nelson,* this case involves California residents who are plaintiffs, not defendants, thereby weakening the forum state's interest in applying its own statute of limitations. Second, Arizona, the state in which the alleged injury occurred, has an interest in having its statute of limitations apply to cases involving accidents on its highways. Hence, this case presents a "true conflict" of law between California and Arizona.[3] We move accordingly to the third stage of the analysis as required by

California law, to determine whether the interests of California or Arizona would be more impaired by application of the law of the other state.

The California statute of limitations serves two purposes: it protects state residents from the burden of defending cases " 'in which memories have faded and evidence has been lost,' " and it protects the courts of the state from the need to process stale claims. *Nelson*, 716 F.2d at 644 (quoting *Ashland*, 129 Cal.App.3d at 794, 181 Cal.Rptr. at 341). The first interest does not apply here because there is no California defendant in this case. All of the defendants reside in states that do not consider twenty-three-month-old claims to be stale. Therefore, neither California, nor Oklahoma, nor Arkansas has an interest in applying its statute of limitations in order to protect the defendants. Furthermore, although California has an interest in protecting its courts from stale claims,[4] that interest is at least equally balanced by its interest in allowing its residents to recover for injuries sustained in a state that would recognize their claim as timely.

In addition, we note that the California statute of limitations is not inflexible when California plaintiffs are involved. Pursuant to Cal.Civ.Proc.Code § 351, California courts will toll the statute of limitations during the time that a defendant is out of the state. *See Moore v. Greene*, 431 F.2d 584, 590 (9th Cir.1970) (applying former version of § 351 to a nonresident of California). That California is willing to toll its statute of limitations in order to assist resident plaintiffs in bringing claims for injury further indicates that little harm would be done to California's interests by applying

---

**3.** There is no conflict between Arizona, Arkansas, and Oklahoma law in this case, because application of any of these states' statutes of limitations would not bar the plaintiff's suit. The case does not present a "true conflict" of law between California and either Arkansas or Oklahoma because neither of the latter two states has an interest in having its statute applied. The alleged wrong occurred in Arizona, the courts of Arkansas and Oklahoma are not involved, and any interest that those states might have in barring the plaintiffs' suit is satisfied in this case by the Arizona statute. Hence, we treat this case as primarily involving a choice between California and Arizona law.

**4.** While the processing of the claim in this case would affect a federal and not a California court, a federal court sitting in diversity applies the "governmental interest" analysis as would a California court. This approach ensures that "the accident of diversity of citizenship would [not] constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

486

the two-year statute of limitations for the benefit of the California plaintiffs. We find that, for the foregoing reasons, California's interests would not be greatly impaired by the application of Arizona's statute of limitations in this case.

We cannot say the same for Arizona. On the contrary, we find that Arizona's interest would be significantly impaired by a failure to apply its statute of limitations. The Arizona legislature has established a two-year statute of limitations for personal injury claims arising out of highway accidents. As the Supreme Court of California has recognized, "one of the primary purposes of a state in creating a cause of action ... is to deter the kind of conduct within its borders which wrongfully [causes injury]." *Hurtado v. Superior Court,* 11 Cal.3d 574, 583, 522 P.2d 666, 672, 114 Cal.Rptr. 106, 112 (1974). Insofar as drivers tend to be more careful when their chances of incurring liability are more substantial, Arizona does have an interest in ensuring that its statute of limitations is applied in any case that arises from accidents occurring within its state borders. Were we to apply the California statute of limitations in this case, we would impede the legitimate interest of the state of Arizona in promoting highway safety by allowing a cause of action for a two-year period.

■ Applying the "governmental interest" analysis of California's choice-of-law rules, we conclude that Arizona's interests would be impaired by the failure to apply its statute of limitations more than California's interests would be impaired by the failure to apply its statute. California has little interest in applying its statute of limitations when no California defendant is involved and when California plaintiffs seek to recover for injuries that occurred in a state in which the claim was not time-barred. Arizona's legitimate government policy would be impaired by a failure to allow the cause of action that it has established for personal injury claims. Accordingly, we hold that the Arizona statute of limitations should apply in the present case and that the district court erred in dismissing the complaint.

We need not reach the plaintiffs' argument that the district court should have tolled the California statute of limitations during the period the defendants were out of the state.

REVERSED and REMANDED.

NOONAN, Circuit Judge, dissenting:

The Restatement of the Law of Conflicts states as black letter law:

An action will not be maintained if it is barred by the Statute of Limitations of the forum ... *Restatement (Second) of Conflicts of Law,* § 142(i) (1971).

California has followed this rule. *Hall v. Copco Pacific Ltd.,* 224 F.2d 884 (9th Cir. 1955). If this normal rule is applied, Ledesma cannot proceed.

The landmark case in California adopting a "governmental interest" approach to the conflict of laws emphasized that the governmental interest should be weighed where "the substantive" laws of the states were in conflict. *Reich v. Purcell,* 67 Cal.2d 551, 555, 432 P.2d 727, 730, 63 Cal. Rptr. 31, 34 (1967) (per Traynor, C.J.). Chief Justice Traynor did not suggest that California departed from the normal rules on matters of procedure; nor did the *Restatement,* whose second edition came out four years later, acknowledge that *Reich* was a departure from established law.

California has characterized "an ordinary statute of limitations" as procedural, not substantive. *Regents v. Hartford Accident & Indemnity Co.,* 21 Cal.3d 624, 147 Cal.Rptr. 486, 581 P.2d 197 (1978). There is absolutely nothing to indicate that the statute before us is not "an ordinary statute of limitations."

There are at least two cases, as the opinion notes, which consider statutes of limitations under the California practice in the same way as substantive law choices: *Nelson v. International Paint Co.,* 716 F.2d 640, 644 (9th Cir.1983); *Ashland Chemical Co. v. Provence,* 129 Cal.App.3d 790, 794, 181 Cal.Rptr. 340, 341 (1982). In both these cases, however, the result of the court's deliberations was to apply the California statute of limitations. Strictly speaking, the indication that some other statute of limitations might have been applied is dictum and need not be regarded as

controlling here. That would seem to be the better course rather than to disregard the well established rules on the regular application of the statute of limitations of the forum.

The Ninth Circuit case is dependent on the decision of an appellate division of the California courts. It is well established that a decision of an intermediate appellate state court is merely "datum for ascertaining state law." *Commissioner v. Estate of Bosch*, 387 U.S. 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). Such a decision is entitled to "some weight" but it is "not controlling where the highest court of the State has not spoken on the point...." *Id.* A fortiori, the decision of an intermediate court is not controlling when it is contrary to the highest court of the State. *Ashland* is such a decision.

Even if we should make the assumption that California would depart from the normal rule, it is difficult to see the California "interest" here. The California interest in not burdening its judicial system with stale claims is equally great whether the California resident is a defendant or a plaintiff. Consequently, even in terms of the interest of California, the California statute should apply.