**MODERN PIONEERS' LIFE INSURANCE COMPANY, an Arizona corporation, Plaintiff,**

v.

**INSURANCE DATA ADMINISTRATORS, INC., a California corporation; et al., Defendants.**

**No. CIV 86–0888 PHX PGR.**

United States District Court,
D. Arizona.

Sept. 15, 1988.

---

Michael R. Glover, Robert Ong Hing, Stockton & Hing, Scottsdale, Ariz., for Modern Pioneers' Life Ins. Co.

Donald Ramon Kunz, Kunz & Waugh, Ltd., Phoenix, Ariz., for Insurance Data Administrators, Inc., Benton & Hyde Ins. Services, Margaret Ann Hyde, Michael Francis, Jill A. Francis, Steven Carniglia, Husband, Jan Christine Carniglia, Wife, John Hyde.

James G. Speer, Scott J. Hergenroether, Evans, Kitchel & Jenckes, P.C., Phoenix, Ariz., for Bank of America, Nat. Trust & Sav. Assoc., and Clifford Gehrt.

Henry R. Paytas, Paytas, Lutich, Bernstein Shannon & Fleming, Phoenix, Ariz., for Lewis & Ellis, Inc., Harold J. Deutscher, an individual, (Defendant).

## MEMORANDUM AND ORDER

ROSENBLATT, District Judge.

Modern Pioneers' Life Insurance Co., ("MPL"), brings this action against several defendants for breach of contract, common law fraud, breach of fiduciary duty, negligent misrepresentation, negligence, conversion, racketeering and for an accounting; due to the alleged diversion of funds from various accounts held in the Bank of America. Pending before the court is a Motion to Dismiss for lack of personal jurisdiction, filed by defendant Bank of America, pursuant to Federal Rules Civil Procedure, Rule 12(b)(2), 28 U.S.C.A. (1987).

## BACKGROUND

Plaintiff MPL entered into a series of agreements with the various party defendants to this action in order to provide group insurance under the Scotsman Group Major Medical, Dental and Accidental Death and Dismemberment Insurance Program. The Scotsman Trust Benefit Program, ("Scotsman Trust"), was set up for this purpose and represents a certain block of business which is the subject of this lawsuit. MPL is an Arizona domestic insurance company authorized to transact life and/or disability insurance in twenty four states, including Arizona. Defendant Insurance Data Administrators, ("IDA"), is a California corporation whose stock is equally owned by Defendants John Hyde, Steven Carniglia and Michael Francis. Defendants Hyde, Carniglia and Francis are believed to be residents of the State of California. IDA is a licensed administrator in Arizona and entered into an Administrator's Agreement with plaintiff MPL to administrate the Scotsman Trust. Under the Administrator's Agreement, IDA was appointed by MPL to perform all administrative funcions necessary to administer the business covered by the agreement. IDA was responsible for monthly billing on the Scotsman Group policies and for maintaining the premiums in a fiduciary bank account. IDA also acted as an adjuster and was to pay claims according to the agreement's provisions.

Defendant Benton & Hyde Insurance Services, ("Benton and Hyde"), is a California corporation whose stock is also equally owned by Defendants Hyde, Carniglia and Francis. Benton & Hyde solicits applications for group major medical health and dental insurance and entered into a General Agency Agreement with plaintiff MPL for the purpose of soliciting applications for insurance under the Scotsman Trust that MPL would then insure.

Defendant Bank of America is a national trust and savings association whose headquarters is in San Francisco, with branches throughout California. According to plaintiff, Bank of America entered into a contractual business relationship with plaintiff

for the provision of banking services. Apparently, plaintiff MPL asked that representatives from the Bank of America attend a meeting at the offices of defendant IDA in Santa Rosa, California. At the conclusion of the meeting, bank representatives were directed to set up a system of accounts, including a "lock box" located in San Francisco and a set of accounts at the Bank of America's Coddington Branch in Santa Rosa in the joint names of IDA and MPL. The funds from the Scotsman Trust were allegedly diverted from the accounts deposited with the Bank of America's, Santa Rosa Branch.

## DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS

The basis of defendant's motion is that Bank of America has insufficient contacts with Arizona for purposes of asserting personal jurisdiction. Bank of America alleges it maintains no place of business in Arizona and that the requisite "substantial or continuous and systematic contacts" with Arizona are nonexistent so that *general* jurisdiction is unavailable and inapplicable to the facts of this case. Plaintiff MPL does not assert that Bank of America is subject to *general* jurisdiction.

## SPECIFIC JURISDICTION

Plaintiff MPL argues, that this court has personal jurisdiction over defendant Bank of America. Specifically, the "minimum contacts" cited to by plaintiff as sufficient to confer personal jurisdiction over Defendant Bank of America includes; signature cards which were filled out in Arizona and sent to California, meetings between the executive officers of both MPL and Bank of America which took place in California at the bank offices, and various communications by telephone and mail. Defendant Bank of America does not dispute the existence of these contacts, however, Bank of America maintains that none of these contacts amount to "purposeful contacts", a prerequisite to a finding of personal jurisdiction.

## ANALYSIS

The burden is on the plaintiff to establish that personal jurisdiction exists, *Corporate Investment Business Brokers v. Melcher*, 824 F.2d 786, 787 (9th Cir.1987). "Because this is a diversity case, any assertion of personal jurisdiction must satisfy Arizona state law requirements as well as afford due process." *See id.* The Arizona long-arm statute asserts personal jurisdiction "when the defendant ... has caused an event to occur in this state out of which the claim which is the subject of the complaint arose," 16 A.R.S. 4(e)(2). Bank of America cites to *Batton v. Tennessee Farmers Mutual Insurance Co.*, 153 Ariz. 268, 736 P.2d 2 (Ariz. En Banc 1987), for its proposition that a finding of personal jurisdiction by this court is unconstitutional. The court in *Batton*, eliminates the traditional two-part analysis and instead provides that if the constitutionally required "minimum contacts" are present, then the defendant's conduct necessarily satisfies Rule 4(e)(2), *Batton*, See *id.* at 270, 736 P.2d p. 4. The Arizona Supreme Court in *Batton* concluded that an insurance contract which provided coverage in all fifty states was insufficient to invoke personal jurisdiction over the insurance company for an accident occurring in Arizona because the insurance company had not "purposefully availed" itself of an Arizona forum and the exercise of jurisdiction would violate due process, *id.* The court in *Batton* further found that the fact that the insurance company communicated with the insured in Arizona after insured had filed a "bad faith" claim did not establish the requisite minimum contacts sufficient to satisfy due process, supra at 274, 736 P.2d p. 8. The *Batton* court, cited a 9th Circuit opinion with approval for the proposition that the requisite minimum contacts are not established when the *plaintiff's action* requires the defendant to send communications into the forum, *Id.* (citations omitted). Bank of America correctly points out that the focus is on the *defendant's* conduct and not the plaintiff's and that it was the plaintiff who initiated the relationship in this case and that Bank of America did nothing to "purposefully avail" itself of an Arizona

forum. The plaintiff does not attempt to distinguish the *Batton* case.

In support of its position, MPL argues that Bank of America's contacts with Arizona are sufficient to establish jurisdiction. MPL further argues that the bank recognized substantial financial benefits from the flow of money into the accounts in question:

"The acts of the Bank of America were systematic, calculated business decisions to derive financial gain from entering into a banking relationship with an Arizona company which it knew was subject to Arizona regulation, Arizona law, and which did its principal business in Arizona", (Plaintiff's Response to Motion to Dismiss, p. 9).

Plaintiff correctly argues that jurisdiction may not be avoided merely because the defendant did not *physically* enter the forum state, *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), where defendant has availed himself of conducting business in a forum. The United States Supreme Court in *Burger King* further explained:

"A state generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out of state actors, (citations omitted), ... Moreover, where individuals purposefully derive benefits from their interstate activities, (citations omitted), it may well be unfair to allow them to escape having to account in other states for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed", *Burger King, id.* 105 S.Ct. at 2183.

It is important to note, however, that the court in *Burger King*, recognizes that "foreseeability" of causing injury in another state is insufficient for exercising personal jurisdiction, (citations omitted), instead, the foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there, See *id.* at 2183, (citations omitted).

The *Batton* case involved an insurance policy sold to plaintiff which provided coverage in all 50 states. The plaintiff was involved in an accident in Arizona and filed an action for breach of contract and bad faith against the insurer who had not conducted business in Arizona. The Arizona Supreme Court found that personal jurisdiction over the insurance company could not be established due to the lack of the requisite "minimum contacts."

The *Burger King* case involved a breach of a franchise agreement which was executed in Florida by a citizen of Michigan. The United States Supreme Court determined that personal jurisdiction did exist over the franchisee who was a resident of Michigan.

It is difficult to determine whether the facts of this case more closely resemble those in *Burger King* (franchise agreement), or those in *Batton* (insurance policy) for purposes of determining whether personal jurisdiction over the defendant Bank of America in this case, however, a recent Ninth Circuit case which applies Arizona's Rule 4(e)(2) provides some guidance.

A recent opinion recognized that an individual's contract with an out-of-state party cannot *alone* automatically establish sufficient minimum contacts, (citing *Burger King* with approval), *Corporate Investment Business Brokers v. Melcher & Associates*, 824 F.2d 786, 789 (9th Cir.1987), (*"CIBB"*). The court in *CIBB*, which also involves a breach of a franchise agreement by an out-of-state defendant, found sufficient "minimum contacts" to continue an analysis under factors used to determine whether or not it is reasonable to establish personal jurisdiction in Arizona. In the case pending before the court, however, it is difficult to find that plaintiff has met its burden of proof as to establishing sufficient "minimum contacts", which would preclude this court from considering the factors associated with "reasonableness". The court recognizes however, that the facts of this case present a close situation but rules in favor of defendant Bank of

America on this issue. Inasmuch as the Ninth Circuit in *CIBB* did not follow the same steps used in *Batton*, by the Arizona Supreme Court, the results under either analysis are the same. The Ninth Circuit considered a three-step analysis while the Arizona Supreme Court consolidated two-steps into one.

## TRANSFER

 Alternatively, MPL, the plaintiff to this action, requests that this court transfer this case to the District of California if this court should find that personal jurisdiction does not exist over defendant Bank of America. Apparently this issue did not arise previously in this case because the defendant Bank of America was previously dismissed without prejudice and reinstated as a party defendant following discovery.

It is clear that this court has authority to transfer the case to the District of California, even where personal jurisdiction is lacking over the Defendant Bank of America, *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962), applying 28 U.S.C. 1406(a), *Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983). In the present case, all of the defendants are located in California. Defendant Lewis & Ellis, Inc. is incorporated in Texas but has an office in Los Angeles. Harold Deutscher is a resident of California. There is ample evidence in this case to determine that venue properly lies in California.

IT IS ORDERED DENYING defendant Bank of America's Motion to Dismiss for lack of personal jurisdiction,

IT IS FURTHER ORDERED transferring this case to the United States District Court, Northern District of California.