967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GKW ELECTRONICS, INC., a Hawaii corporation, Plaintiff-Appellant,
v.
ZENITH ELECTRONICS CORPORATION, Defendant-Appellee.
 No. 91-15791.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1992.
Decided July 8, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 GKW Electronics, Inc. ("GKW") appeals from the district court's grant of summary judgment to Zenith Electronics Corporation ("Zenith"). The district court held that Illinois law was applicable to GKW's claim because GKW was a third-party beneficiary of contracts between Zenith and the distributors from whom GKW purchased defective circuit boards (the "Zenith-distributors contracts"). Since Illinois law does not permit recovery of economic damages in implied warranty actions, the district court granted summary judgment to Zenith on this claim. We hold that the district court should have applied Hawaii law to GKW's claim, and thus reverse and remand.
 
 
 3
 A district court sitting in diversity must apply the choice of law rules of the forum state. Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 (9th Cir.1987). Because this action involves a contract for goods, Haw.Rev.Stat. § 490:1-105, the Uniform Commercial Code ("UCC") choice of law provision enacted by Hawaii, governs. See Thornton v. Cessna Aircraft Co., 886 F.2d 85, 89-90 (4th Cir.1989) (in action governed by UCC, UCC's choice of law provision overrides other choice of law rules). Section 490:1-105(1) provides:
 
 
 4
 Except as provided hereafter in this section, when a transaction bears a reasonable relation to this State and also to another state or nation the parties may agree that the law either of this State or of such other state or nation shall govern their rights and duties. Failing such agreement this chapter applies to transactions bearing an appropriate relation to this State.
 
 
 5
 The district court erred when it held that GKW was a third-party beneficiary of the Zenith-distributors contracts and therefore subject to the contracts' choice of law provisions. GKW was simply not a third-party beneficiary of the Zenith-distributors contracts. In Jones v. Don L. Gordon Corp., 586 P.2d 1024 (Haw.1978), the Hawaii Supreme Court considered a virtually identical situation. Jones, a developer, agreed to buy a prefabricated building from Gordon. Gordon placed an order for the building with the manufacturer, Star. Id. at 1025. When Star refused to release the building to Gordon, Jones undertook communications directly with Star to facilitate delivery of the building. Based upon these communications, the trial court held that a contractual relationship had developed between Jones and Star. In other words, a novation had occurred, substituting Jones for Gordon. Id. at 1026. The Hawaii Supreme Court reversed, holding that "Jones was in the unenviable position of an 'incidental beneficiary' of a contract between Gordon and Star for the supply of the goods which Gordon had contracted to sell to Jones. As such incidental beneficiary, Jones had no action against Star on the latter's undertaking to Gordon." Id. at 1027.
 
 
 6
 The relationship between GKW and Zenith is indistinguishable from that between Jones and Star. GKW had no direct relationship with Zenith, and negotiated only with the two distributors. GKW was therefore merely an incidental beneficiary of the Zenith-distributors contracts under Hawaii law. As such, GKW could not enforce the Zenith-distributors contracts nor be bound by them.
 
 
 7
 GKW is suing on an implied warranty, not as a third-party beneficiary of the Zenith-distributors contracts. As Ontai v. Straub Clinic & Hosp., 659 P.2d 734 (Haw.1983), illustrates, a user of a product can put forward an implied warranty claim against the manufacturer even though the user is not a third-party beneficiary of any contract with the manufacturer. In Ontai, plaintiff was subjected to an X-ray scan while he was positioned on a vertically-inclined X-ray table. The footrests of the table collapsed, and plaintiff was injured when he fell on the floor. Under Jones, plaintiff would not be in privity with the manufacturer because he was not a party to the contract of sale between the clinic and the manufacturer. The Hawaii Supreme Court held, however, that "[a]lthough [plaintiff] was not in privity with [the manufacturer] in the sale of the X-ray table and footrest, the warranty to [the clinic] from [the manufacturer] extends to [plaintiff] by statute, as a third-party beneficiary, see HRS § 490:2-318." Ontai, 659 P.2d at 743.[1] Ontai, therefore, demonstrates that a plaintiff can assert an implied warranty claim without stating a claim under the original contract of sale.
 
 
 8
 Zenith relies on the heading affixed to H.R.S. § 490:2-318 which reads "Third party beneficiaries of warranties express or implied."[2] Section 490:2-318, Hawaii's enactment of UCC § 2-318, abolishes the defense of privity to an action for breach of warranty. 1 James J. White & Robert S. Summers, Uniform Commercial Code § 11-2 (3d ed. 1988). "Alternative C" of UCC § 2-318, enacted by Hawaii, provides for the broadest abolition of the privity defense. Id. § 11-3, at 533-34. The policy behind section 490:2-318 is to protect consumers, not to allow manufacturers to bind consumers to contracts to which the consumers are not parties. See Ontai, 659 P.2d at 744-45 (" 'The entire purpose behind the implied warranty sections of the Code is to hold the seller responsible when inferior goods are passed along to the unsuspecting buyer.' ") (quoting Fredrick v. Dreyer, 257 N.W.2d 835 (S.D.1977)). Section 490:2-318 does not bind GKW to the Zenith-distributors contracts.
 
 
 9
 Zenith also relies on Hercules, Inc. v. Stevens Shipping Co., 629 F.2d 418, 422 (5th Cir.1980), rev'd, 698 F.2d 726 (5th Cir.1983) (en banc). Hercules is unhelpful for several reasons. First, Hercules discussed a contract for services, and such contracts are not governed by the UCC. Second, the court's analysis in Hercules tightly equated third-party beneficiary status with the availability of an action under contractual warranty theory. See id. at 422 ("[Plaintiff] is able to invoke the warranty only because of its status as third-party beneficiary of that contract. If its action on the contract is barred, then its action on the contractual warranty should likewise be barred."). This tight equation of the two theories is out of sync with the Hawaii cases. Finally, the Hercules panel's contract analysis was apparently reversed en banc by the Fifth Circuit. See Hercules, Inc. v. Stevens Shipping Co., 698 F.2d 726, 736 (5th Cir.1983) (en banc) ("[W]e conclude that action by us is appropriate rather than letting stand the panel's analysis of third-party beneficiary."), rev'g 629 F.2d 418 (5th Cir.1980).
 
 
 10
 An implied warranty of merchantability, such as that relied upon by GKW, arises out of an implied-in-fact contract defined by the particular context of any sale of goods by a merchant seller unless disclaimed. Robert E. Speidel, Warranty Theory, Economic Loss, and the Privity Requirement: Once More Into the Void, 67 B.U.L.Rev. 9, 41-42 (1987). A warranty claim is based on a representation by the seller, "express or implied, about the nature, characteristics, or suitability of the goods, which became part of the buyer's expectations of quality. If those expectations are justified, the representation (warranty) becomes a term of the bargain between the parties. Thus, the seller can be held to his representation regardless of fault." Id. at 15. The scope of the warranty is defined by the context in which the goods are sold: the goods "are sold at some price in a context where the relevant community's expectations of ordinary use can be determined." Id. In the case at hand, the circuit boards purchased by GKW were specified as replacement parts for Zenith televisions. The boards were therefore warranted to satisfy the television repair market's ordinary expectation of use.
 
 
 11
 By enforcing a warranty action by GKW against Zenith, the court is not enforcing the Zenith-distributors contracts. The choice of law provision in the Zenith-distributors contracts is not enforceable against GKW nor relevant to GKW's suit for breach of warranty. The choice of law provisions in those contracts are therefore irrelevant to GKW's action against Zenith.
 
 
 12
 The transactions which are the subject of this lawsuit bear an appropriate relationship to Hawaii. Both GKW and the distributors reside in Hawaii. GKW's purchase of the circuit boards took place entirely within Hawaii. Accordingly, we remand for the district court to apply Hawaii law.
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As we note in the following paragraph, the Hawaii court's use of "third-party beneficiary" in this context was drawn from the heading of section 490:2-318. We interpret the court's use of the term in this context to mean that the plaintiff in Ontai was suing under section 490:2-318 rather than under the common law doctrine of third-party beneficiaries
 
 
 [2]
 The text of section 490:2-318 reads as follows:
 A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends.