**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMON DY, | No. 18-15241 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03924-ROS |
| v. | |
| BORU NALE, M.D.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted May 16, 2019
San Francisco, California

Before: WALLACE, IKUTA, and CHRISTEN, Circuit Judges.

Ramon Dy is a California state prisoner incarcerated in Chowchilla, located

in the Eastern District of California. Dy was previously confined in Arizona at a

private prison operated by Corrections Corporation of America (CCA), during

which time he alleges his doctors delayed treating his meningioma, ultimately

causing severe, permanent injury. Dy brought this action in the Eastern District of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

California in 2016 against his treating physicians, and a magistrate judge there transferred the action to the District of Arizona for improper venue. The district court subsequently dismissed Dy's complaint as untimely, applying Arizona law. Dy timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dy's primary argument on appeal is that the district court erred in its calculation of the relevant limitations periods because his claims would have been timely under California law. Dy argues that under the California Code of Civil Procedure, he is entitled to two years of tolling due to his incarceration. *See* Cal. Code Civ. P. § 352.1(a). Dy does not dispute that the district court correctly held that his claims were untimely under Arizona law.

Dy's argument fails because the district court correctly applied Arizona law, not California law. When an action is transferred for improper venue, rather than for convenience, the choice-of-law rules of the forum district apply. *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983). As the district court was bound to apply Arizona law for both Dy's 1983 claims, *see Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004), and his medical malpractice claims, *see Nelson*, 716 F.2d at 643, the district court correctly applied Arizona's statutes of limitations to Dy's claims. Venue was not proper in the Eastern District of California because "a substantial part of the events or omissions giving rise to" his claims did not occur in that district; all of the alleged deliberate indifference and medical malpractice

2

occurred in Arizona. *See* 28 U.S.C. § 1391(b)(2). Further, Dy's challenge to the

magistrate judge's transfer order for lack of magistrate jurisdiction was not raised

to either district court and is therefore forfeited. *See Simpson v. Lear Astronics

Corp.*, 77 F.3d 1170, 1175 (9th Cir. 1996) ("[A] party who fails to object to a

magistrate judge's nondispositive order is barred from pursuing appellate review of

that order"). Moreover, even if not forfeited the challenge is meritless because the

magistrate judge had authority to enter the nondispositive transfer order. *See Flam

v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015).

Dy nonetheless attempts to argue that California law applies by invoking the

Interstate Corrections Compact (ICC). The ICC guarantees that:

> All inmates who may be confined in an institution pursuant to the
> provisions of this compact shall be treated in a reasonable and humane
> manner and shall be treated equally with such similar inmates of the
> receiving state as may be confined in the same institution. The fact of
> confinement in a receiving state shall not deprive any inmate so
> confined of any legal rights which said inmate would have had if
> confined in an appropriate institution of the sending state.

ARS § 31-491; Cal. Penal Code § 11189; ICC Art. IV, § (e). However, even if an

out-of-state statute of limitations could be described as a "legal right[] which said

inmate would have had if confined in an appropriate institution of [California],"

the ICC also provides that it is "entered into by this state with any and all other

states legally joining therein." ARS § 31-491; *see also* Cal. Penal Code § 11189

("The [ICC] is hereby enacted into law and entered into by this state with any other

3

states legally joining therein"). By the ICC's plain language, CCA is not a "state," and Article IV therefore does not apply.

**AFFIRMED.**

*Dy v. Nale*, No. 18-15241

CHRISTEN, Circuit Judge, concurring:

I concur in the result reached by the majority based on the arguments raised. I write separately to explain that I do not read the majority's memorandum disposition to conclude that the Interstate Corrections Compact (ICC) cannot apply to a private prison as a matter of law. In my view, the majority correctly decides that Dy did not meet his burden to show the ICC applies to the contract in this case, between the Corrections Corporation of America (CCA) and the California Department of Corrections and Rehabilitation (CDCR), because the parties did not expressly incorporate the ICC in their contract and there is inadequate indication in the record that the parties intended for the ICC to apply.

Dy cannot rely on the ICC to bring the claims currently on appeal, but in his opposition to defendants' motion to dismiss, he asked the district court in Arizona for "leave to amend to add a breach of contract claim based on [Dy's] status as a third party beneficiary of the contract between CDCR and CCA." It appears that Dy did not file a contract claim against CDCR or any California defendant in the Arizona action prior to the expiration of Arizona's four-year statute of limitations.

Dy did not need permission from the District of Arizona to file a state breach of contract claim against CDCR in California based on a third party beneficiary theory, but we cannot tell from our record whether he has done so. The contract

between CDCR and CCA requires CCA to provide essential health services and meet certain standards of care, and Dy's theory is that CCA failed to perform its contractual duties. Dy concedes that his claims related to the allegedly deficient medical care accrued on November 13, 2013, but the statute of limitations in California for contract claims is generally four years, *see* Cal. Civ. Proc. Code § 337, and California tolls the statute of limitations for two years for prisoners sentenced to terms less than life, *see* Cal. Civ. Proc. Code § 352.1. Thus, although it is not entirely clear from our record, Dy may still have a viable state law claim to pursue in California.[1]

---

[1] Dy's original pro se complaint *was* filed in California, but it did not name a California defendant or include a claim for breach of contract. The California district court correctly ruled that venue was not proper in California. Dy's first amended complaint, filed in Arizona, did include a California defendant, but Dy only brought a section 1983 claim against that defendant. The district court correctly dismissed that claim because there is no respondeat superior liability under section 1983.

2