NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYKO GLOBAL INC. AND KYKO GLOBAL GMBH,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>OMKAR BHONGIR,<br><br>　　　　　Defendant-Appellee. | No.　20-17526<br><br>D.C. No.<br>20-cv-04136<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted October 21, 2021**
San Francisco, California

Before:　BADE and BUMATAY, Circuit Judges, and SESSIONS,*** District
Judge.

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

\*\*\*　　The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Plaintiff Kyko Global Inc. and Kyko Global GmbH ("Kyko") appeals the district court's dismissal of its Second Amended Complaint ("SAC"). In 2011, Kyko entered into a business agreement ("the agreement") with Prithvi Information Solutions Limited ("PISL"). In 2013, Kyko discovered that the agreement was fraudulent. *Id.* It then brought a case in the Western District of Washington and received a judgment against PISL. *Id*. Kyko now seeks damages against Defendant Omkar Bhongir ("Bhongir") for his alleged involvement in the agreement while he served as a board member of PISL. The district court dismissed Kyko's complaint with leave to amend and then dismissed Kyko's subsequent amended complaint without leave to amend. This appeal follows.

We have jurisdiction under 28 U.S.C. § 1291. "We review de novo the district court's dismissal based on the statute of limitations." *Mills v. City of Covina*, 921 F.3d 1161, 1165-66 (citing *Johnson v. Lucent Techs.*, Inc., 653 F.3d 1000, 1005 (9th Cir. 2011)). We review dismissal for failure to state a claim de novo. *Whitaker v. Tesla Motors, Inc*. 985 F.3d 1173, 1175 (9th Cir. 2021) (citing *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010)). Likewise, "intertwined issue[s] of statute of limitations and choice of law questions" are reviewed de novo. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996 (9th Cir. 2006).

The district court was correct in applying California law to Kyko's breach of fiduciary duty claims. In cases transferred "to cure a lack of personal jurisdiction . .

2

. . it is necessary to look to the law of the transferee state . . . ." *See Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983). In choice of law questions, where a conflict exists between two jurisdictions, California law directs courts to "determine what interest, if any, the competing jurisdictions have in the application of their respective laws." *Cooper v. Tokyo Elec. Power Co.*, 960 F.3d 549, 559 (9th Cir. 2020). Here, the district court correctly concluded that because "the forum is in California, and the only defendant is a California resident," "[o]nly California ha[d] an interest in having its statute of limitations applied."[1] *Nelson*, 716 F.2d at 645.

Applying California's statute of limitations, eight of nine of Kyko's claims are time barred.[2] The district court correctly decided that Kyko's injuries began to toll in 2013. "[T]he statute of limitations begins to run when the plaintiff suspects or

---

[1] Because the court finds that California law applies, it need not address Kyko's claim that Bhongir waived his statute of limitations defense in Pennsylvania. It also need not address in detail the claim that Kyko was denied an opportunity to be heard before its fiduciary duty claims were dismissed under Pennsylvania law. The district court applied California law in its first order and dismissed the complaint with leave to amend. Plaintiff had notice and an opportunity to respond.

[2] Under California law, fraud claims are governed by a three-year statute of limitations, *see* Cal. Civ. Proc. Code § 338(d), conversion claims are governed by a three-year statute of limitations, *see* Cal. Civ. Proc. Code. § 338(c), negligence claims are subject to a two-year statute of limitations, *see* Cal. Civ. Proc. Code §§ 335-335.1, and breach of fiduciary duty claims are governed by a four-year statute of limitations, *see* Cal. Civ. Proc. Code § 343, except when that claim is based on fraud, then it is governed by a three-year statute of limitations. *See Thomas v. Canyon*, 198 Cal. App. 4th 594, 606-07 (2011).

should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1998). The "[a]ggrieved parties generally need not know the exact manner in which their injuries were effected, nor the identities of all parties who may have played a role therein." *Bernson v. Browning-Ferris Industries*, 7 Cal. 4th 926, 932 (1994) (internal quotation marks omitted); *see also id.* (noting that "the general rule in California has been that ignorance of the identity of the defendant is not essential to a claim and therefore will not toll the statue"). Kyko knew about its injury in 2013 when it discovered the fraudulent accounts. It did not need to know the exact legal claim it could bring against a specific defendant. Rather, it was enough that it had knowledge of the injury that gave rise to the claim. Any liability it now claims against Bhongir is derived from that injury in 2013.

The district court was also correct in holding that equitable estoppel does not bar the statute of limitations defense. While "a defendant may be equitably estopped from asserting the statute of limitations when, as the result of intentional concealment, the plaintiff is unable to discover the defendant's actual identity," *Bernson*, 7 Cal. 4th at 936, a plaintiff is still expected to "exercise reasonable diligence" to discover the defendant's identity. *Id*. Denial of legal liability alone is insufficient to allege estoppel. *See Lantzy v. Centext Homes*, 31 Cal. 4th 363, 384 n.18 (2003). Instead, a defendant's actions "must amount to a misrepresentation

4

bearing on the *necessity* of bringing a timely suit." *Id.* Equitable estoppel "requires . . . showing defendants' conduct 'actually and reasonably induced plaintiffs to forbear suing' within the limitations period." *Bergstein v. Stroock & Stroock & Lavan LLP*, 236 Cal. App. 4th 793, 820 (2015) (quoting *Lantzy*, 31 Cal. 4th at 385). Kyko has not pleaded any facts to demonstrate that Bhongir's actions extended beyond denials of liability. It also has not demonstrated due diligence, nor does it explain why it waited two years to bring a suit after discovering Bhongir's involvement. Finally, Kyko has not demonstrated that Bhongir's denials "actually induced" a delay in filing a suit.

The only claim not time barred under California law, breach of fiduciary duty, was correctly dismissed by the district court. In general, directors do not owe a fiduciary duty to creditors. *See Berg & Berg Enters., LLC v. Boyle*, 178 Cal. App. 4th 1020, 1046 (2009). A limited exception exists when a corporation is insolvent. *Id.* at 1032. In those instances, directors have a duty to not "divert, dissipate, or unduly risk corporate assets that might otherwise be used to pay creditors claims. This would include acts that involve self-dealing . . . ." *Id.* at 1041 (emphasis omitted). Here, Kyko failed to allege Bhongir engaged in self-dealing. *Cf. id.* at 1032, 1041-43; Cal. Corp. Code § 5233(b)(1) (providing that fixing the compensation of a director does not constitute self-dealing in the nonprofit corporations context); *see also In re Brocade Communications Systems, Inc.*

*Derivative Litig.*, 615 F. Supp. 2d 1018, 1047 (N.D. Cal. 2009) (noting that to allege self-dealing "a plaintiff must plead that the defendants either (1) stood on both sides of a transaction and dictated its terms in a self-dealing way or (2) received a personal benefit that was not enjoyed by the shareholders generally"). Kyko has not pleaded specific facts to demonstrate that Bhongir was engaged in self-dealing. While Bhongir's compensation was tied to his equity in PISL, Kyko does not allege how an increase in equity is of a special benefit to Bhongir and not shared among all shareholders generally. Furthermore, Kyko fails to allege any circumstance in which Bhongir stood on both sides of a transaction.

**AFFIRMED**.