[Civ. No. 24162. Fourth Dist., Div. One. Mar. 16, 1982.]

ASHLAND CHEMICAL COMPANY, Plaintiff and Appellant, v. ROSS C. PROVENCE, Defendant and Respondent.

COUNSEL

Dierdorff, Stout & Gentner and Robert T. Dierdorff for Plaintiff and Appellant.

Ross C. Provence, in pro. per., and Provence, Provence & Uber for Defendant and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Ashland Chemical Company sued Ross Provence, Lee Epstein, and Ceramics International, Inc., on a promissory note and guaranty contract. The superior court sustained Provence's demurrer without leave to amend and Ashland prematurely appealed. Then, realizing the court had not yet entered an appealable judgment, Ashland asked the clerk to dismiss the complaint with prejudice "only for the purpose of expediting appeal and in no way indicat[ing] agreement or acquiesence [*sic*] with the Court's ruling." Ashland appeals the resulting judgment of dismissal.

Provence contends Ashland may not appeal after voluntarily dismissing its complaint (*Parenti v. Lifeline Blood Bank* (1975) 49

Cal.App.3d 331 [122 Cal.Rptr. 709]). However, many courts have allowed appeals by plaintiffs who dismissed their complaints after an adverse ruling by the trial court, on the theory the dismissals were not really voluntary, but only done to expedite an appeal. (See cases collected in Annot., 23 A.L.R.2d 664, 673-675.) Here Ashland dismissed its complaint after the superior court sustained Provence's demurrer without leave to amend. Moreover, it did so only to obtain a final judgment so it could contest the court's ruling. Under these circumstances, Ashland's request for dismissal was tantamount to a request to enter judgment on Provence's demurrer. We allow the appeal.

Ashland's complaint, filed April 22, 1980, alleges for a first cause of action: Ashland is a Kentucky corporation; Ceramics is a California corporation; Provence and Epstein are California residents; Provence, Epstein and Ceramics executed a promissory note favoring Ashland on March 1, 1975, in Kentucky; Provence, Epstein and Ceramics promised to pay the note in Kentucky by December 31, 1975, but did not; the note said it was "governed by and construed in accordance with the laws of the Commonwealth of Kentucky"; and Kentucky's statute of limitations on promissory notes is 15 years. Ashland alleges in its second cause of action on January 24, 1974, in Kentucky, Provence and Epstein guaranteed in writing all Ceramics' future debts.

Provence demurred to the complaint. The superior court ruled both causes of action were barred by California's four-year statute of limitations on written obligations (Code Civ. Proc., § 337).

■ Ashland unmeritoriously contends the court erred in ruling California's statute of limitations, rather than Kentucky's, applied to the guaranty contract. According to "traditional" choice of law theory, statutes of limitation are procedural and are governed by forum law (Rest., Conflict of Laws, §§ 603, 604). This principle has been widely followed in California. (See e.g., *State of Ohio* ex rel. *Squire* v. *Porter* (1942) 21 Cal.2d 45 [129 P.2d 691, 143 A.L.R. 1432] (cert. den. 318 U.S. 757 [87 L.Ed. 1131, 63 S.Ct. 531]); *Biewend* v. *Biewend* (1941) 17 Cal.2d 108 [109 P.2d 701, 132 A.L.R. 1264]; cases cited 2 Witkin, Cal. Procedure (2d ed. 1970) § 57.) However, in *Reich* v. *Purcell* (1967) 67 Cal.2d 551 [63 Cal.Rptr. 31, 432 P.2d 727], the Supreme Court abandoned the "traditional" approach to choice of law problems and adopted instead Professor Brainerd Currie's governmental interest analysis approach. Under this approach, the courts examine the policies underlying the competing laws of the involved states to determine which states are

"interested" in having their laws applied to the issues in question. A state will have an interest in having its law applied if the policies underlying the law would be thereby advanced. When only one of two potentially concerned states has an interest in having its law applied, the conflict of laws is said to be "false"; the court simply applies the law of the only interested state (*Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 580 [114 Cal.Rptr. 106, 522 P.2d 666]; see Currie, Selected Essays on the Conflict of Laws (1963) p. 189).

Here California is the only interested state. Statutes of limitation are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost (*McGee* v. *Weinberg* (1979) 97 Cal.App.3d 798, 804 [159 Cal.Rptr. 86]). Here California courts and a California resident would be protected by applying California's statute of limitations because California is the forum and the defendant is a California resident. Applying California's statute of limitations would thus advance its underlying policy. In choice of law terms, California has an "interest" in applying its law. In contrast, Kentucky has no interest in having its statute of limitations applied because here there are no Kentucky defendants and Kentucky is not the forum. This case, like *Reich* v. *Purcell, supra*, is "the very paradigm of the false conflict." (Cavers, *Comments on Reich* v. *Purcell* 15 UCLA L.Rev. 647.) The court properly applied California law.[1]

■ Ashland contends the court erred in applying California's statute of limitations to the promissory note because the note said it was governed by Kentucky law. The parties to a contract may properly choose a state's law to govern their agreement if the chosen state has a "substantial relationship" to the case and applying its law would not violate California policy. (See *Gamer* v. *DuPont Glore Forgan, Inc.* (1976) 65 Cal.App.3d 280 [135 Cal.Rptr. 230]; *Seidman & Seidman* v. *Wolfson* (1975) 50 Cal.App.3d 826 [123 Cal.Rptr. 873]; *Frame* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1971) 20 Cal.App.3d 668 [97 Cal.Rptr. 811]; *Ury* v. *Jewelers Acceptance Corp.* (1964) 227 Cal.App.

---

[1]Ashland suggests California's interest in encouraging interstate commerce would be furthered by upholding commercial transactions between Californians and residents of other states, but would be impaired by applying California's statute of limitations to suits brought here to enforce such agreements. However, California's limitation period of four years is not unreasonably short and is unlikely to have a negative effect on interstate commerce. Moreover, a plaintiff who finds California's statute of limitations too short is free to sue elsewhere.

2d 11 [38 Cal.Rptr. 376].) Here applying Kentucky law would violate the protective policy underlying California's statute of limitations. Moreover, Kentucky does not have a substantial relationship to this case. Kentucky is the plaintiff's domicile, the place of contracting, and the place of payment. However, while these contacts might support the parties' choosing Kentucky law to govern the substantive aspects of their contract, they are irrelevant in determining whether Kentucky is substantially related to the transaction for the purpose of applying its statute of limitations. Why? Because none of these contacts gives Kentucky an interest in having its statute of limitations applied. (See Horowitz *The Law of Choice of Law in California—A Restatement* (1974) 21 UCLA L.Rev. 719, 767; see also Weintraub (1971) Commentary on the Conflict of Laws, p. 275.) ■ We hold the parties to a contract may not select the law of a disinterested state to govern their agreement when applying that law would be contrary to the public policy of the state whose law would ordinarily be applied under choice of law principles—in this case California. The court properly applied California's statute of limitations to the first cause of action.[2]

Judgment affirmed.

Cologne, J., and Staniforth, J., concurred.

---

[2]We note the situation would be markedly different if the defendant were from Kentucky and Kentucky's limitation period were shorter than California's. Then Kentucky would have an interest in having its law applied, its relationship to the case would be "substantial," California's public policy would not be offended by applying Kentucky's statute of limitations, and the parties' choice of Kentucky law arguably would be supportable.