Ian **EISENBERG, International Audiotext Network, Inc., a Delaware corporation, and Virgincom, an Aruba corporation, Plaintiffs–Appellants,**

v.

**John HUGHES, James Moushegian, and Gordon & Rees, Defendants–Appellees.**

No. 99–16558.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 2000

Decided Jan. 18, 2001.

Before BOOCHEVER, O'SCANNLAIN and TASHIMA, Circuit Judges.

---

## MEMORANDUM[1]

In this diversity action, Plaintiffs Ian Eisenberg ("Eisenberg"), International Audiotext Network, Inc. ("IAN") and Virgincom bring claims for legal malpractice against Defendants John Hughes, James Moushegian and Gordon & Rees. The district court entered summary judgment against Plaintiffs, holding that (1) Virgincom was never represented by Defendants, (2) IAN failed to file within the statute of limitations period, and (3) Eisenberg lacked standing. Plaintiffs appealed. As the parties are familiar with the facts, we do not recite them here.

## DISCUSSION

### I. Lack of Representation (Virgincom)

The district court held that Virgincom cannot, as a matter of law, assert a claim for legal malpractice against Defendants because the undisputed evidence establishes that Defendants never represented Virgincom. Plaintiffs do not challenge this holding on appeal. Accordingly, we affirm the district court's grant of summary judgment against Plaintiff Virgincom on this basis.

### II. Statute of Limitations (IAN)

Plaintiffs assert a variety of arguments to avoid application of California's one-year statute of limitations to IAN's malpractice claims.

### A. Choice of Law

■ First, Plaintiffs argue that Washington's three-year statute of limitations, not California's one-year statute of limitations, applies to IAN's legal malpractice claims. The instant case, however, is indistinguishable from *Ashland Chem. Co. v. Provence*, 129 Cal.App.3d 790, 181 Cal. Rptr. 340 (1982) and *Nelson v. International Paint Co.*, 716 F.2d 640 (9th Cir. 1983) (applying California law). In *Ashland* and *Nelson*, the courts held that the California statute of limitations applied because, as in the instant case, the suit was filed in a court in California and the defendant was a California resident. Accordingly, we conclude that California's one-year statute of limitations for malpractice claims governs the instant action.

### B. Actual Injury

■ Second, Plaintiffs argue that, even if California's one-year statute of limitations applies, they satisfied its requirements by filing the instant suit within one year of suffering "actual injury ." Under California Code of Civil Procedure § 340.6, the statute of limitations is tolled during the time that the plaintiff has not suffered an actual injury. Plaintiffs, however, waived this argument by failing to raise it before the district court. *See Slaven v. American Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir.1998).

■ Even if the argument had not been waived, however, it fails on the merits. Plaintiffs acknowledge that, to prevail on

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

their "actual injury" argument, they must demonstrate that, *Jordache Enters., Inc. v. Brobeck, Phleger & Harrison,* 18 Cal.4th 739, 76 Cal.Rptr.2d 749, 958 P.2d 1062 (1998), should not have retroactive effect. "The preliminary finding necessary to support a determination of nonretroactivity is that the decision must establish a new principle of law by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Casas v. Thompson,* 42 Cal.3d 131, 228 Cal.Rptr. 33, 720 P.2d 921, 927 (Cal.1986).

■ Plaintiffs cannot satisfy this preliminary consideration. While the California Supreme Court in *Jordache* was the first explicitly to overrule *ITT Small Bus. Fin. Corp. v. Niles,* 9 Cal.4th 245, 36 Cal. Rptr.2d 552, 885 P.2d 965 (1994), the holding of *ITT,* upon which Plaintiffs allegedly relied, was flatly contradicted three years earlier in *Adams v. Paul,* 11 Cal.4th 583, 46 Cal.Rptr.2d 594, 904 P.2d 1205 (1995). Plaintiffs, therefore, cannot show that *Jordache* established "a new principle of law by overruling clear past precedent" or decided "an issue of first impression whose resolution was not clearly foreshadowed." *See Casas,* 228 Cal.Rptr. 33, 720 P.2d at 927. As such, Plaintiffs' retroactivity argument fails.

Accordingly, we hold that Plaintiffs failed to raise a triable issue that actual injury occurred within the limitations period.

## C. Continuous Representation

■ Third, Plaintiffs argue that the statute of limitations was tolled during the period in which Defendants continued to represent them. Under California Code of Civil Procedure § 340.6(a)(2), the statute of limitations is tolled while "[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the

alleged wrongful act or omission occurred...."

Any legal representation Defendants provided to Plaintiffs, however, was unambiguously terminated on March 5, 1996. On that date, Defendant Hughes sent a letter to Plaintiffs' counsel which stated, in part, "In light of Ian's threat to sue us, we can no longer provide any further legal services on his behalf." Plaintiffs filed the instant action more than a year after receiving that letter. The minimal degree of uncompensated assistance Defendants subsequently provided to Plaintiffs, in connection with the opposition to Ruth Parasol's summary judgment motion, is insufficient to raise a triable issue that Defendants continued to represent IAN. *See Foxborough v. Van Atta,* 26 Cal.App.4th 217, 31 Cal.Rptr.2d 525 (1994).

Accordingly, we conclude that Defendants did not continue to represent Plaintiffs for purposes of tolling the statute of limitations.

## D. Equitable Estoppel

■ Fourth, Plaintiffs argue that Defendants are equitably estopped to assert a statute of limitations defense against IAN because Defendants orally suggested that IAN was covered by the written tolling agreement. Equitable estoppel precludes a defendant from invoking the statute of limitations when the defendant engaged in some conduct, reasonably relied upon by the plaintiff, which induces the belated filing of the action. *Shaffer v. Debbas,* 17 Cal.App.4th 33, 21 Cal.Rptr.2d 110, 115 (1993). Defendants' purported oral statements, however, contradict the subsequent written tolling agreement. As such, Plaintiffs' reliance on these oral statements is unreasonable as a matter of law.

Accordingly, we conclude that Plaintiffs failed to raise a triable issue that equitable

estoppel precludes Defendants from invoking the statute of limitations against IAN. Therefore, we hold that California's statute of limitations bars IAN's claims against Defendants and we affirm the district court's grant of summary judgment against IAN.

III. Standing (Eisenberg)

 Defendants argue that, although Eisenberg is not barred by the statute of limitations, he lacks the requisite standing to bring the instant suit. Defendants contend that the injury resulting from Defendants' alleged malpractice (*i.e.*, the decreased value of Plaintiffs' misappropriation claims against Ruth Parasol) harmed only Virgincom and IAN as corporations and did not harm Eisenberg as an individual. Without injury to Eisenberg as an individual, Defendants argue, Eisenberg lacks standing to sue Defendants. "Well-established principles of corporate law prevent a shareholder from bringing an individual direct cause of action for an injury done to the corporation or its property by a third party." *United States v. Stonehill*, 83 F.3d 1156, 1160 (9th Cir.1996); *see also Jones v. H.F. Ahmanson & Co.*, 1 Cal.3d 93, 81 Cal.Rptr. 592, 460 P.2d 464, 470 (1969).

Eisenberg argues that he was injured as an individual because he developed and owned the 10XXX business plan as an individual and licensed the plan to IAN in exchange for royalties and a confidentiality agreement. Eisenberg and Daniel McGinnis, president of IAN, provided declarations that Eisenberg developed, owned and licensed the 10XXX dialing concept. The district court declined to consider these declarations, however, because they contradicted prior admissions that IAN and/or Virgincom owned the 10XXX dialing concept. In the First Amended Complaint, Plaintiffs stated that Ruth Parasol "uti-lized the Confidential Information of the various business enterprises plaintiffs were involved in." Also, in their summary judgment opposition, Plaintiffs stated that Ruth Parasol used "information taken from Eisenberg's companies."

Eisenberg also testified at his deposition that the monetary damage he suffered as an individual was no different from the monetary damage IAN suffered as a corporation. He explained, "To the best of my ability I'm a shareholder of the company. The company lost [the] opportunity. The company lost the money; I lost the money ." Although Plaintiffs objected to the question as calling for a legal conclusion, the district court did not abuse its discretion in admitting the evidence. The "average layman would understand those terms and ascribe to them essentially the same meaning intended." *United States v. Hearst*, 563 F.2d 1331, 1351 (9th Cir.1977). The district court also did not abuse its discretion in concluding that Plaintiffs' subsequent declarations regarding individual injury impermissibly contradicted prior deposition testimony and, therefore, could not create a material issue of fact. *See Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir.1975).

Accordingly, we hold that Eisenberg failed to raise a triable issue that he was injured in his individual capacity and, therefore, we conclude that Eisenberg lacks standing to bring the instant claims. In light of the above, we affirm the district court's grant of summary judgment with respect to all Plaintiffs.

Defendants are awarded costs on appeal.

AFFIRMED.