**ASSET RECOVERY CO., LLC, a New Jersey Limited Liability Company, Plaintiff—Appellant,**

v.

**Michael JACKSON, Defendant— Appellee.**

No. 01–55203.

D.C. No. CV–00–05520–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2002.

Decided May 13, 2002.

Before BROWNING, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Asset Recovery Co., LLC ("ARC"), a New Jersey limited liability company, sued Michael Jackson ("Jackson"), a citizen and resident of California, asserting causes of action and claims of Jackson Communication, Inc. ("JCI") against Jackson.

ARC originally filed suit in the United States District Court for the Southern District of New York. Thereafter, the parties stipulated to transfer the case to the Central District of California pursuant to 28

---

U.S.C. § 1406(a). The district court granted Jackson's Rule 12(b)(6) Motion to Dismiss on the ground that ARC's claims were barred by California's statute of limitations. We agree that California's statute of limitations applies, rather than New Jersey's.

In determining which state's laws to apply, "it is necessary to look to the law of the transferee state ...," in this case, California. *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983). In analyzing choice-of-law questions, California applies a three-step "governmental interest" approach. *Abogados v. AT&T*, 223 F.3d 932, 934 (9th Cir.2002). The court must first determine whether the laws of the jurisdictions differ. *Id.* "Second, if the laws do differ, the court must determine whether a 'true conflict' exists in that each of the relevant jurisdictions has an interest in having its law applied." *Id.* "If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a 'false conflict' and the law of the interested jurisdiction is applied." *Id.* (citation omitted). The court will only move to the third step "if more than one jurisdiction has a legitimate interest." *Id.*

New Jersey's statute of limitations on "recovery upon a contractual claim or liability," is six years, N.J. Stat. § 2A:14–1, as compared to California's four-year statute, California Civil Procedure Code § 337 for written contracts, or two-year statute under § 339 for oral contracts. Thus, step one in the three-step approach is satisfied because these laws differ.

However, no true conflict exists because California is the only interested state. Applying California's statute of limitations advances the policy underlying California's statute. *Ashland Chem. Co. v. Provence*, 129 Cal.App.3d 790, 794, 181 Cal.Rptr. 340 (1982).

Statutes of limitation are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases.... California courts and a California resident would be protected by applying California's statute of limitations because California is the forum and the defendant is a California resident.

*Nelson*, 716 F.2d at 644 (quoting *Ashland*, 129 Cal.App.3d at 794, 181 Cal.Rptr. 340).

In contrast, New Jersey has little interest in having its statute of limitations applied because there are no New Jersey defendants and New Jersey is not the forum. *Id.* Our analysis need not go beyond step two. The district court properly applied the "governmental interest" analysis of California choice-of-law rules.

AFFIRMED.