Filed 3/27/14  Macasa v. Dole Food Co. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROQUE GARCIA MACASA, JR., et al., | B245138 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC467134) |
| v. | |
| DOLE FOOD COMPANY, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jane L. Johnson, Judge.  Affirmed.

Edelberg & Espina and Claire N. Espina for Plaintiffs and Appellants.

Gibson, Dunn & Crutcher and Andrea E. Neuman, Thomas A. Manakides, Theodore J. Boutrous, Jr. and William E. Thomson for Defendants and Respondents Dole Food Company, Inc., Dole Fresh Fruit Company, Standard Fruit Company, and Standard Fruit and Steamship Company.

Hinshaw & Culbertson and Frederick J. Ufkes for Defendant and Respondent Del Monte Fresh Produce N.A., Inc.

Filice & Kayhan, Gennaro A. Filice III and Paul R. Johnson for Defendant and Respondent The Dow Chemical Company.

Steptoe & Johnson, Lawrence P. Riff and Jason Levin for Defendants and Respondents Shell Oil Company, Shell Chemical LP, and Shell Agricultural Chemical Co.

Barg Coffin Lewis & Trapp, Stephen C. Lewis, Donald Sobelman, and Christopher D. Jensen for Defendant and Respondent Occidental Chemical Corporation.

_____

Plaintiffs and appellants Roque Garcia Macasa, Jr., et al. (plaintiffs) appeal from the judgment of dismissal entered after the trial court sustained, without leave to amend, demurrers filed by defendants and respondents Dole Food Company, Inc., Dole Fresh Fruit Company, Standard Fruit Company, Standard Fruit and Steamship Company (collectively, Dole) and by Del Monte Fresh Produce N.A., Inc., Shell Oil Company, Shell Chemical LP, Shell Agricultural Chemical Co., The Dow Chemical Company, and Occidental Chemical Corporation (collectively, with Dole, defendants) to the first amended complaint. We affirm the judgment.

## BACKGROUND

Plaintiffs are 2,936 Philippine residents who claim they sustained injury as the result of exposure to the pesticide dibromochloropropane (DBCP) in the 1970's and early 1980's while working in and around banana farms in the Philippines. Defendants manufactured, distributed, sold, or used DBCP products that allegedly caused plaintiffs' injuries.

**The 1998 Philippine action**

On October 10, 1998, the Davao Banana Plantation Workers Association of Tiburcia, Inc. (DBPWATI) filed an action against defendants in the Philippines, alleging that DBPWATI's 20,981 members were rendered sterile as a result of defendants' negligence in the production and use of DBCP (the Philippine action). DBPWATI alleged that its "members were exposed to DBCP, in the 1970's up to early 1980's" while working on or near banana farms operated by Dole and others.

On March 13, 2000, DBPWATI filed a second amended complaint that contained virtually identical factual allegations but increased the number of plaintiffs to 34,868. Several defendants moved to dismiss the original and amended complaints on the ground that they were improperly served, depriving the court of personal jurisdiction. The Philippine Regional Trial Court denied the motions to dismiss.

On October 3, 2002, the Philippine Court of Appeals set aside the Regional Trial Court's orders and dismissed DBPWATI's second amended complaint without prejudice for lack of personal jurisdiction based on invalid service of summons. On October 12, 2004, the Court of Appeals denied DBPWATI's motion for reconsideration of the October 3, 2002 decision.

On August 28, 2008, the Philippine Supreme Court denied DBPWATI's petition for review of the Court of Appeals decision, and on April 13, 2009, the Philippine Supreme Court issued an order denying "with FINALITY" DBPWATI's motion for reconsideration of its order denying review.

**The instant lawsuit**

On August 8, 2011, plaintiffs filed this action in Los Angeles Superior Court on behalf of 2,432 Philippine plaintiffs. On February 6, 2012, plaintiffs filed the operative first amended complaint, adding 504 plaintiffs.

In the first amended complaint, plaintiffs allege that "at all times relevant hereto," they were "residents of [the] Philippines." Plaintiffs further allege that they filed the Philippine action on October 10, 1998, "alleging the same identical claims as are alleged in this lawsuit" and that the Philippine action concluded "on or about April 13, 2009," when the Philippine Supreme Court denied their motion to reconsider its earlier ruling denying review of the Philippine Court of Appeals dismissal of DBPWATI's second amended complaint.

Plaintiffs allege that the trial court had jurisdiction over the matter based on the fact that defendant Dole had its principal place of business in Los Angeles, California and that Dole and all of the other defendants conduct business in California.

Plaintiffs further allege that the Philippine action was timely filed, that defendants have suffered no prejudice by the filing of the instant action because the claims are identical to those asserted in the Philippine Action, and that "[p]laintiffs acted in all reasonableness and good faith in pursuing their claims in filing the lawsuit in the Philippines timely within the statutory periods."

3

Plaintiffs also allege that because they "reside in outlying farms in Davao, Philippines," have low education levels, and speak only their native dialects, "it was impossible for Plaintiffs to have any suspicion of wrongdoing." Plaintiffs further allege they had no way of knowing of their injuries "until proper diagnosis by a doctor" because "sterility is an injury that is not easily discovered."

Defendants filed demurrers in which they argued that plaintiffs' claims were time-barred under California's two-year statute of limitations; as a matter of law, plaintiffs cannot adequately plead that the filing of their complaint in California was in "good faith and reasonable," a necessary element of equitable tolling; plaintiffs cannot rely on California's equitable tolling doctrine because they are all residents of the Philippines and equitable tolling is available only to California residents; and plaintiffs failed to allege the time and manner of discovery of their claims, precluding application of the discovery rule and preventing the court from determining whether the statute of limitations had run prior to plaintiffs' filing of the Philippine action in 1998.

Plaintiffs opposed the demurrers, arguing that their claims were not time-barred because the first amended complaint adequately alleged all of the elements of equitable tolling. Plaintiffs further argued that equitable tolling is not limited to California residents, section 361 of the Code of Civil Procedure does not apply to plaintiffs' claims, the discovery rule does not apply, and the Philippine law on statute of limitations applies.

After a hearing at which the matter was taken under submission, the trial court issued a written ruling sustaining the demurrers without leave to amend. The trial court concluded that plaintiffs' claims were time-barred as a matter of law for three reasons. First, the trial court held that "the doctrine of equitable tolling is limited only to California residents" and that plaintiffs, as residents of the Philippines, could not claim the benefits of the doctrine. Second, the trial court ruled that even if equitable tolling applied, "the tolling period would have ended, and the . . . two year statute would have begun to run, when the Philippine Supreme Court denied, 'with finality,' the Plaintiffs' Motion for Reconsideration on April 13, 2000." The court thus concluded that "[t]he statute ran on April 12, 2011," four months before plaintiffs filed this action. Finally, the

4

trial court ruled that in light of the judicially admitted two-year and four-month delay in filing this action after the final decision of the Philippine Supreme Court, plaintiffs "failed to allege facts to demonstrate their 'good faith and reasonable conduct in filing the second claim,'" as required to invoke equitable tolling.

The trial court rejected plaintiffs' argument that the Philippines statute of limitations applied:  "[T]here is no basis to conclude that the Philippines has a greater interest in this litigation such that its statute of limitations, as opposed to California's statute of limitations, applies."  The trial court concluded that because it was "clear" that the plaintiffs could not meet their burden of demonstrating how they could amend their complaint to overcome these multiple hurdles, the demurrers would be sustained without leave to amend.

A judgment of dismissal was entered on September 25, 2012, and this appeal followed.

## DISCUSSION

### I.  Standard of review

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled.  The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded.  [Citations.]  The court does not, however, assume the truth of contentions, deductions or conclusions of law.  [Citation.]  The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken.  [Citations.]' [Citation.]  However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.  [Citation.]  And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment.  [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)  The legal sufficiency of the complaint is reviewed de novo.  (*Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790.)

5

**II. Plaintiffs' claims are time-barred under California law**

Under California law, a two-year limitations period applies to personal injury claims, including claims for injury or illness based upon exposure to a hazardous material or toxic substance. (Code Civ. Proc., §§ 335.1, 340.8.)[1] Because plaintiffs knew of their claims no later than October 1998, when they filed the Philippine action, their claims would be time-barred, absent tolling or extension of the two-year statutory period. Plaintiffs contend their claims are timely because the doctrine of equitable tolling applied to suspend the limitations period while the Philippine action was pending.

"Equitable tolling is a judge-made doctrine 'which operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness. [Citations.] . . . . [¶] [T]he effect of equitable tolling is that the limitation period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370.) To invoke equitable tolling, a plaintiff must specifically plead facts establishing the following elements: "(1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim. [Citations.]" (*Downs v. Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1100.) In determining whether the third element -- good faith and reasonable conduct in filing the second claim -- courts in California consider when the second claim was filed after the first claim. "[I]f a plaintiff

---

[1]     Code of Civil Procedure section 335.1 prescribes a two-year limitation period for "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." Section 340.8, subdivision (a) states: "In any civil action for injury or illness based upon exposure to a hazardous material or toxic substance, the time for commencement of the action shall be no later than either two years from the date of injury, or two years after the plaintiff becomes aware of, or reasonably should have become aware of, (1) an injury, (2) the physical cause of the injury, and (3) sufficient facts to put a reasonable person on inquiry notice that the injury was caused or contributed to by the wrongful act of another, whichever occurs later."

delayed filing the second claim until the statute on that claim had nearly run, even after crediting the tolled period, his conduct might be considered unreasonable. [Citation.]" (*Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 926.)

Defendants argue that equitable tolling is available only to residents of California and that plaintiffs cannot invoke the doctrine because they are all Philippine residents. (See *Hatfield v. Halifax* (9th Cir. 2009) 564 F.3d 1177, 1189 [non-residents cannot rely on equitable tolling doctrine to toll California statute of limitations].) Defendants further argue that plaintiffs cannot allege good faith and reasonable conduct because they waited more than two years after the Philippine action concluded before commencing the instant action.

We need not address the parties' arguments as to whether plaintiffs, who are not residents of California, may invoke the equitable tolling doctrine (see *Hatfield v. Halifax, supra*, 564 F.3d at p. 1189), or whether they can adequately plead the filing of their complaint was "in good faith and reasonable" (*Collier, supra*, 142 Cal.App.3d at p. 926), because plaintiffs' action is time-barred even if the doctrine of equitable tolling applied. The facts alleged in the first amended complaint show that the instant action was filed four months past the two-year limitations period, even if the statutory period was tolled while the Philippine action was pending. Plaintiffs allege that on April 13, 2009, the Philippine Supreme Court issued an order to "DENY . . . with FINALITY" their motion for reconsideration of its earlier order denying discretionary review of the dismissal the Philippine action. Even assuming the doctrine of equitable tolling applied, the statute of limitations began to run again on April 13, 2009 -- the date of the Philippine Supreme Court's final order. (*Lantzy v. Centex Homes, supra*, 31 Cal.4th at p. 370.) The two-year limitations period thus expired, at the very latest, on April 13, 2011 -- two years after the Philippine Supreme Court's April 13, 2009 order -- and four months before plaintiffs commenced this action on August 8, 2011. The trial court accordingly did not err by concluding that plaintiffs' claims are time-barred under California law.

**III.  The California statute of limitations applies**

Plaintiffs challenge the trial court's ruling that California's two-year statute of limitations applies to their claims.  They argue that Philippine law -- specifically, a four-year statute of limitations -- applies.  To resolve this choice of law issue, we apply the governmental interest analysis.

"[T]he question whether the relevant California statute of limitations (or statute of repose) or, instead, another jurisdiction's statute of limitations (or statute of repose) should be applied in a particular case must be determined through application of the governmental interest analysis that governs choice-of-law issues generally.  [Citations.]" (*McCann v. Foster Wheeler LLC* (2010) 48 Cal.4th 68, 87 (*McCann*).)  The governmental interest analysis involves three steps:

> "First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different.  Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists.  Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law 'to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state' [citation], and then ultimately applies "the law of the state whose interest would be more impaired if its law were not applied. [Citation.]"

(*Kearney v. Solomon Smith Barney, Inc.* (2006) 39 Cal.4th 95, 107-108, quoting *Bernhard v. Harrah's Club* (1976) 16 Cal.3d 313, 320.)

Under the first step of the governmental interest test, "[t]he party arguing that foreign law governs has the burden to identify the applicable foreign law."  (*Frontier Oil Corp. v RLI Ins. Co.* (2007) 153 Cal.App.4th 1436, 1465; *Washington Mutual Bank v. Superior Court* (2001) 24 Cal.4th 906, 919 (*Washington Mutual*) ["the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California"].)  If the foreign law

proponent fails to identify the applicable foreign law, California law applies. (See *Sommer v. Gabor* (1995) 40 Cal.App.4th 1455, 1468-1469.)

Plaintiffs failed to meet their burden of identifying the Philippine statute of limitations applicable to their claims. In the trial court below, plaintiffs requested judicial notice of "a copy of the Philippine Statute of Limitation, Article 1146 of the Civil Code of the Philippines." The trial court denied the request, however, on the ground that the document was unauthenticated. Plaintiffs do not appeal the trial court's denial of their request for judicial notice, nor do they seek judicial notice of any properly authenticated Philippine statute in this appeal. There is accordingly no admissible evidence in the record that the Philippine statute of limitations is four years, and plaintiffs failed to meet their burden of establishing any conflict between Philippine and California law. (*Washington Mutual, supra*, 24 Cal.4th at p. 919.)

Even if there were admissible evidence that the Philippine statute of limitations applicable to plaintiffs' claims is longer than the two-year period accorded under California law, plaintiffs failed to establish that the Philippines has an interest in applying its statute or that the Philippine interest outweighs California's interest in applying its own laws in the circumstances presented here. "Statutes of limitation are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost. [Citation.]" (*Ashland Chemical Co. v. Provence* (1982) 129 Cal.App.3d 790, 794 (*Ashland*).) "[S]tatutes of limitation also promote the early accrual of the defendant's right of formal discovery by requiring the plaintiff to file an action within a reasonable time. [Citation.]" (*Lewis v. Superior Court* (1985) 175 Cal.App.3d 366, 375.)

California's interest in enforcing its statute of limitations is strong given the circumstances presented here. Plaintiffs seek redress for injuries allegedly caused by DBCP exposures that occurred 30 to 40 years ago, and defendants face the burden of defending against claims involving faded memories and lost evidence. Defendant Dole has its principal place of business in California and is entitled to the protections afforded by the state against the burdens of litigating claims that accrued decades ago. (*Ashland,*

9

*supra*, 129 Cal.App.3d at p. 794 [holding that "Kentucky has no interest in having its statute of limitations applied because here there are not Kentucky defendants and Kentucky is not the forum," whereas "California courts and a California resident would be protected by applying California's statute of limitations because California is the forum and the defendant is a California resident"].) California also has an interest in extending the same protections to out-of-state defendants Del Monte, Dow, Occidental, and Shell, all of whom do business in California. "A state has a legitimate interest in attracting out-of-state companies to do business within the state, both to obtain tax and other revenue that such businesses may generate for the state, and to advance the opportunity of state residents to obtain employment and the products and services offered by out-of-state companies." (*McCann, supra*, 48 Cal.4th at pp. 91-92.)

Plaintiffs failed to establish that the Philippines has an interest in applying its statute of limitations to the claims filed in this California action, or that any Philippine interest outweighs California's interest in applying its own laws to claims brought in a California court against defendants doing business in the state. The trial court did not err by concluding that California's two-year statute of limitations applied to plaintiffs' claims.

## IV. Denial of leave to amend

Plaintiffs fail to suggest how they would amend the first amended complaint to correct the defects noted above. The burden of proving a reasonable possibility of amending the complaint to state a cause of action "is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The trial court therefore did not abuse its discretion by sustaining the demurrer without leave to amend.

10

**DISPOSITION**

The judgment is affirmed.  Defendants are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST