15-355-cv (L)
*Medinger v. Bayer Healthcare Pharm. Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of July, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           SUSAN L. CARNEY,
           CHRISTOPHER F. DRONEY,
                   *Circuit Judges.*

---

BRITTANY MEDINGER, SARAH SPURLOCK, AMANDA BLAIR, AMANDA WALTON, JESSICA DAVIS, CIARA PARNELL, RACHEL DOLLINS, LISA ABRAMS, TAMMY CALAMARI, AMANDA HELMS, ATHENA CONDICH, LYNN SCHROEDER, DANIELLE THATE, KATHERINE SMITH, BROOKE HORN, JESSICA PISCIONERE,

         *Plaintiffs-Appellants,*

         v.

BAYER HEALTHCARE PHARMACEUTICALS INCORPORATED, DOES 1-10, BAYER OY, BAYER PHARMA AG,

         *Defendants-Appellees.*[*]

15-355-cv (L), 15-356-cv (CON), 15-357-cv (CON), 15-358-cv (CON), 15-360-cv (CON), 15-361-cv (CON), 15-362-cv (CON), 15-363-cv (CON), 15-364-cv (CON), 15-372-cv (CON), 15-373-cv (CON), 15-382-cv (CON), 15-383-cv (CON), 15-386-cv (CON), 15-389-cv (CON), 15-390-cv (CON), 15-392-cv (CON)

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFFS-APPELLANTS:      Richard L. Kellner, Kabateck Brown
Kellner LLP, Los Angeles, CA.

FOR DEFENDANTS-APPELLEES:     Shayna S. Cook, Brian P. O'Donoghue,
Christopher J. Cook, Goldman Ismail
Tomaselli Brennan & Baum LLP,
Chicago, IL; Michael X. Imbroscio, Paul
W. Schmidt, Phyllis A. Jones, Covington
& Burling LLP, Washington, DC.

Appeal from an order of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-appellants appeal from a January 9, 2015 order of the District Court, dismissing their claims with prejudice as time-barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendants-appellees designed, manufactured, and marketed an intrauterine contraceptive device ("IUD") sold under the Mirena brand name. Plaintiffs, who allege that they suffered injuries as a result of using Mirena IUDs, brought these actions in the United States District Court for the Central District of California.[1] After the Judicial Panel on Multidistrict Litigation transferred the suits to the United States District Court for the Southern District of New York, that court held that California's two-year statute of limitations applied to plaintiffs' claims, which were therefore time-barred. On appeal, plaintiffs argue that the District Court erred in applying California's statute of limitations—rather than the longer statutes of limitations of the states in which the alleged injuries occurred—and in denying them leave to amend their complaints.[2]

---

[1] None of the alleged injuries occurred in California, nor are any of the parties California residents, except for one plaintiff-appellant, who moved to California after the events at issue in this litigation transpired.

[2] Plaintiffs list as their second issue presented "[w]hether the lower court erroneously applied the *Truitt* Order [dismissing the suit of plaintiff Amanda Truitt], which concerned Texas and Indiana law, to California's liberal Discovery Rule in determining that an amendment to Appellants' complaints would be futile." Pl. Br. 2. Plaintiffs never refer to the "discovery rule" elsewhere in their brief, much less explain how California's rule differs from those of Texas or Indiana. Accordingly,

Because plaintiffs originally filed their suits in a federal district court sitting in California, California's choice-of-law rules govern which statute of limitations applies. *See Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 153–54 (2d Cir. 2013); *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993). California courts apply a "governmental interest analysis" approach to choice-of-law questions. *Liberty Synergistics*, 718 F.3d at 155. That analysis proceeds in three steps. First, the court determines whether the affected jurisdictions have different laws concerning the issue in question. *Sullivan v. Oracle Corp.*, 254 P.3d 237, 245 (Cal. 2011). Here, there is no dispute that California's two-year statute of limitations is shorter than those of the states in which plaintiffs were allegedly injured.

Accordingly, under the second step of the analysis, we must next consider whether each affected jurisdiction has an interest in having its law applied to this case. *Id.* "If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a 'false conflict' and the law of the interested jurisdiction is applied." *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000) (some internal quotation marks omitted).

In general, California courts consider a foreign state to have "no interest" in applying its statute of limitations to actions in which its residents are not defendants. *See, e.g.*, *Ashland Chem. Co. v. Provence*, 181 Cal. Rptr. 340, 341 (Ct. App. 1982); *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 645 (9th Cir. 1983). Nonetheless, a foreign state in which an alleged injury occurred may have an interest in applying its statute of limitations to litigation involving that injury. *See, e.g.*, *McCann v. Foster Wheeler LLC*, 225 P.3d 516, 529–32 (Cal. 2010) (holding that Oklahoma had an interest in applying its statute of repose to a products-liability action involving improvements to real property in Oklahoma, even though the defendant was not an Oklahoma company); *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 485 (9th Cir. 1987); *see also Offshore Rental Co. v. Cont'l Oil Co.*, 583 P.2d 721, 728 (Cal. 1978) ("[A]lthough the law of the place of the wrong is not necessarily the applicable law for all tort actions . . . , the situs of the injury remains a relevant consideration.").

We need not decide whether a "true conflict" is present here, because we must apply California's statute of limitations either way. If California is the only interested jurisdiction, we must apply California law. If, however, a true conflict exists, we move to the third step of the governmental interest analysis, which requires us to apply the law of the state whose interest would be most impaired if it were not applied. *Sullivan*, 254 P.3d at 245. It is clear that California's interest is stronger than that of the other relevant states. As the Ninth Circuit summarized California law:

> Where the conflict concerns a statute of limitations, the governmental interest
> approach generally leads California courts to apply California law, *and especially so*
> *where California's statute would bar a claim.* California's interest in applying its own law is

any argument regarding discovery rules has been waived. *See, e.g.*, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

strongest when its statute of limitations is shorter than that of the foreign state, because a state has a substantial interest in preventing the prosecution in its courts of claims which it deems to be stale. Hence, subject to rare exceptions, the forum will dismiss a claim that is barred by its statute of limitations.

*Deutsch v. Turner Corp.*, 324 F.3d 692, 716–17 (9th Cir. 2003) (emphasis supplied; internal quotation marks and citations omitted). Plaintiffs have not shown that any such "rare exception" applies here or that any other state has an interest more substantial than California's. *See CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138, 1142 (9th Cir. 2010) (noting that under California law, "[a]s a default, the law of the forum state will be invoked, and the burden is with the proponent of foreign law to show that the foreign rule of decision will further the interests of that state"). While plaintiffs claim that their cases present "rare exceptions" because there is a lack of evidence that the cases would ever return to California, 28 U.S.C. § 1407(a) dictates that they *would* be remanded for trial there. The fact that the parties in other Mirena multidistrict litigation cases were permitted to enter venue waivers does not provide an adequate showing the California would not be the forum state here. Accordingly, even if we assume *arguendo* that a true conflict is present, we would conclude that California's interests outweigh those of the other concerned states, and that California's statute of limitations must therefore apply.

Next, we consider plaintiffs' argument that the District Court erred in denying them leave to amend their complaints. We generally review a denial of leave to amend for "abuse of discretion." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Here, however, the denial of leave to amend was based on the District Court's determination that amendment would be futile, which we review *de novo. Id.*; *see also Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) ("[A] request to replead should be denied in the event that amendment would be futile."). Plaintiffs contend that had they been granted leave to amend, they would have shown that their claims were timely under California law. But plaintiffs have not explained what new facts they would have alleged, much less why those facts would have demonstrated the timeliness of their suit. We therefore affirm the determination of the District Court that amendment would have been futile.

Finally, we consider plaintiffs' alternative request that we transfer this appeal to the United States Court of Appeals for the Ninth Circuit, because this case primarily involves the interpretation of California law. Assuming *arguendo* that we have the authority to transfer this case to the Ninth Circuit,[3] we decline to do so, as plaintiffs have not shown that doing so would be in the interest of justice.

---

[3] Plaintiffs cite to *American Telephone & Telegraph Co. v. Federal Communications Commission*, 519 F.2d 322, 325 (2d Cir. 1975). But that case concerned the review of an administrative decision, and the transfer was to a circuit where related proceedings were pending. Here, in contrast, there is no related litigation pending in the Ninth Circuit.

## CONCLUSION

We have reviewed all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk