Filed 4/10/26  Martin v. Citibank CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROBERT MARTIN, | |
| Plaintiff and Appellant, | E086122 |
| v. | (Super.Ct.No. CIVSB2401432) |
| CITIBANK, N.A., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph B. Widman, Judge.  Affirmed.

Robert Martin, in pro. per., for Plaintiff and Appellant.

Wolfe & Wyman and Katherine S. Agbayani for Defendant and Respondent.

Plaintiff and appellant Robert Martin appeals from an order of the trial court in regard to a lawsuit he brought against defendant and respondent Citibank, N.A. (Citibank) in which he alleged multiple causes of action related to Citibank allegedly freezing his bank account.  Martin filed an original complaint and was granted leave to amend.  He filed a first amended complaint, and the trial court granted Citibank's

1

demurrer without leave to amend but only as to four of the five causes of action alleged therein. Martin was given the opportunity to amend the remaining cause of action. Rather than file a first amended complaint, he entered a voluntary dismissal of the action and parties with prejudice, and such voluntary dismissal was accepted by the clerk of the Superior Court. There was no order by the trial court entering judgment on the entire case or a dismissal.

On appeal, Martin raises the following claims: (1) "Leave to Amend on Punitive Grounds, Inadvertence, and Application under Code of Civil Procedure § 473(b)"; (2) "Constitutionality of Entangled Non-State Actors and the Public Forum Doctrine"; (3) "Ratified, Non-Self-Executing Treaties and Public Causes of Action"; and (4) "Tort of Conversion." Martin has failed to show the trial court erred by granting Citibank's demurrer to his first amended complaint by filing a deficient brief. We affirm the order of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Martin filed his first complaint on February 22, 2024. He named "Citibank" as defendant. He checked the box under causes of action for general negligence, loss of use of property and general damage without providing any further explanation. He also checked the box "other" and stated, "unjustified corporate theft of bank account funds." He checked the box "other damage" and provided the facts, "inability to access Citibank savings account with an approximate balance of $8,600." Martin was seeking compensatory damages in the amount of $8,600 and punitive damages of $10 million. No other information regarding the original complaint is provided in the record. Citibank

2

has augmented the record to include the Notice of Ruling and the tentative ruling on the original complaint. The Notice of Ruling was filed on January 21, 2025, in which the trial court adopted its tentative ruling. In the tentative ruling, the trial court outlined the facts from a declaration filed by Martin that accompanied the complaint. Martin has not provided such declaration to this court. The trial court expressed the case was straightforward in that Martin was alleging that Citibank stole his $8,600 by freezing his account. The trial court sustained the demurrer to the original complaint as to the negligence cause of action but gave Martin leave to amend.

Defendant filed what is entitled an "Amended Complaint" on January 29, 2025 (FAC). In the FAC, Martin provided facts supporting his claim that he was unable to access his bank account as it was locked or frozen. He named the branch manager of the Rancho Cucamonga branch of Citibank as the person who failed to unblock his account. He alleged causes of action which included (1) violation of the due process clause of the Fifth and Fourteenth Amendments of the federal Constitution; (2) violation of the due process clause of the California constitution; (3) mismanagement of property pursuant to Civil Code section 1714, subdivision (a), or right to property pursuant to Civil Code section 1708 and the California Constitution, Article 1; (4) Consumer Protection Act section 1063, subdivision (a)(1)(B); and (5) International Covenant of Civil and Political Rights, Article 1(2). He sought punitive damages for all of the five causes of action for malicious, oppressive and fraudulent behavior committed by Citibank. He also sought pain and suffering damages.

3

The trial court issued its order on May 6, 2025. According to the order, the trial court granted Citibank's demurrer to the first, second, fourth and fifth causes of action, without leave to amend, finding that Martin's FAC raised new causes of action from the original complaint and he did not seek permission to bring these new claims. It also rejected the claims on their merits. It further ruled, "The Court SUSTAINS Citibank's general and special demurrer to the third cause of action with leave to amend to allege a negligence claim and to re-plead this "Unjustified Corporate Theft of Bank Account Funds" claim that was found sufficiently alleged in the original Complaint. **Plaintiff is ordered to file a Second Amended Complaint no later than May 20, 2025**."

On the day the order was filed, May 6, 2025, defendant filed a request for dismissal of the entire action with prejudice. He checked the box that it was a dismissal of the "entire action of all parties and all causes of action." The dismissal was entered as requested by the clerk of the Superior Court on May 6, 2025. Martin filed a notice of appeal on May 16, 2025. He appealed from the order entered on May 6, 2025.

## DISCUSSION

A. <u>APPEALABILITY</u>

Martin claims in his statement of appealability that he filed a voluntary dismissal with prejudice, which was granted by the clerk of the Superior Court. Relying on *Ashland Chemical Company v. Provence* (1982) 129 Cal.App.3d 790 (*Ashland*), he insists that such dismissal is an appealable order. Citibank claims, relying on *Maniago v. Desert Cardiology Consultants' Medical Group, Inc.* (2025) 109 Cal.App.5th 621, 628,

4

review granted May 28, 2025, S290188 (*Maniago*)[1] that such dismissal orders are not appealable.

In *Ashland*, Ashland Chemical filed an appeal after the trial court sustained a demurrer without leave to amend on all causes of action but prior to the trial court entering a judgment or dismissal. Ashland Chemical chose to file its own voluntary dismissal of the complaint with prejudice. The opposing party, Provence, contended that Ashland Chemical could not file an appeal after voluntary dismissal. (*Ashland*, *supra*, 129 Cal.App.3d at pp. 792-793.) The appellate court found that, "Here Ashland [Chemical] dismissed its complaint after the superior court sustained Provence's demurrer without leave to amend. Moreover, it did so only to obtain a final judgment so it could contest the court's ruling. Under these circumstances, Ashland's request for dismissal was tantamount to a request to enter judgment on Provence's demurrer. We allow the appeal." (*Id.* at p. 793.)

Prior to *Ashland*, in *Yancey v. Fink* (1991) 226 Cal.App.3d 1334 (*Yancey*), the party appealing attempted to appeal from an order sustaining the demurrer without the trial court having entered a judgment or dismissal. Rather than obtain a judgment of dismissal from the trial court, the party filed a voluntary request for the dismissal of the entire action with prejudice which was entered by the clerk of the Superior Court. (*Id.* at p. 1342.) The appellate court found that this was not an appealable order. It first noted,

---

[1] The California Supreme Court stated in its grant of review that pursuant to California Rules of Court, Rule 8.1115(e)(3), the opinion of the Court of Appeal could be cited for its persuasive value and by trial courts to exercise its discretion to choose between conflicting cases.

5

"While a compulsory dismissal by order of a court is a judicial act from which a plaintiff may appeal, a voluntary dismissal by a plaintiff is accomplished by a ministerial act of the clerk, filing from which no appeal lies." (*Id.* at pp. 1342-1343.) The *Yancey* court concluded, "By failing to obtain a properly appealable order, and then by divesting us of whatever jurisdiction we might have had by voluntarily dismissing the entire action, the [appealing party] has left us with no alternative but to dismiss his appeal from the order sustaining the demurrer in the declaratory relief action." (*Id.* at p. 1343, fn. omitted.)

In *Maniago*, *supra*, 109 Cal.App.5th 621, the court addressed *Ashland* and *Yancey*. It rejected the findings in *Ashland*. "We do not see how *Ashland Chemical* can be reconciled with the more recent decision in *Yancey*. In nearly identical circumstances, the Court of Appeal in *Yancey* concluded that it lacked jurisdiction to treat the plaintiff's voluntary dismissal of the action with prejudice as the equivalent of an appealable judgment of dismissal. [Citation.] In our view, the holding of *Yancey* better reflects the settled rule—not mentioned in *Ashland Chemical*—that a voluntary dismissal entered by the clerk at the plaintiff's request is a nonappealable, ministerial act. [Citation.] Like the plaintiff in *Yancey*, the plaintiff in *Ashland Chemical* could simply have obtained a final judgment of dismissal from the trial court to pursue its appeal." (*Maniago*, *supra*, 109 Cal.App.5th at p. 631.) The *Maniago* court further held, "In *Ashland Chemical*, the Court of Appeal chose to treat the plaintiff's voluntary dismissal as an appealable judgment in circumstances where the trial court had already sustained a demurrer to the plaintiff's entire complaint without leave to amend, and thus should have entered an appealable judgment of dismissal. [Citation.] By contrast, in this case, the trial court should *not*

6

have entered an appealable judgment of dismissal because it had only sustained the demurrer to *some* causes of action *with* leave to amend, and each plaintiff still had a remaining cause of action even if they chose not to amend." (*Id.* at p. 632.)

The California Supreme Court will ultimately decide the conflict between *Maniago, Yancey*, and *Ashland*. In our order issued on June 30, 2025, this court cited to *Ashland* and advised Martin that the appeal could proceed. As such, we will not dismiss the appeal for failing to provide an appealable order as we have already ordered that the appeal could proceed.

## B.     INADEQUATE BRIEF

However, even though this court has concluded that Martin can file this appeal, the opening brief filed by Martin is deficient, forfeiting his claims raised on appeal.[2]

" ' "[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness." [Citation.] As a result, on appeal "the party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised." ' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; see also *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) "If a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived." (*Duarte*, at p. 856; see also *LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th

---

[2] Citibank has argued that Martin's failure to provide citations to the record waives his claims on appeal.

7

1044, 1061.) " 'Pro. per. litigants are held to the same standards as attorneys.' " (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Martin in his statement of facts merely stated the nature of "this case is for the tort of conversion, and the relief sought for is for monetary damages, either punitive or emotional/pain and suffering." He provides in the statement of the case only that this is his first appeal. Martin has not complied with California Rules of Court rule 8.204 (a)(2)(C), which requires that the brief "Provide a summary of the significant facts limited to matters in the record." "It is not the function of this court to comb the record looking for the evidence or absence of evidence to support [a party's] argument." (*Garcia v. Seacon Logix, Inc.* (2015) 238 Cal.App.4th 1476, 1489.) It is not this court's job to provide and review the facts related to Martin's claims on appeal to determine whether the ruling of the trial court should be reversed. Martin has failed to show that the trial court erred.

Further, in his entire opening brief, Martin only provides two citations to the record, which both refer to the cover page of the trial court's ruling on Citibank's demurrer to the FAC. Martin has not complied with California Rules of Court rule 8.204(a)(1)(C), which requires that appellate briefs must be supported by record citations. "The Courts of Appeal 'have the discretion to disregard contentions unsupported by proper page cites to the record' [citation] and will conclude that parties forfeit arguments by failing to support statements in the argument section of a brief with record citations." (*Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 596.)

8

Martin's claims in the opening brief are waived for failing to properly reference the record. [3]

Based on Martin's failure to cite to the record in the opening brief, and which waives his claims; and his violation of the court rules, we presume the trial court's order granting Citibank's demurrer to the FAC was correct and affirm.

## DISPOSITION

The trial court's order granting Citibank's demurrer to the FAC is affirmed. As the prevailing party, respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

Acting P. J.

FIELDS _____

J.

---

[3] We note that California Rules of Court rule 8.204(e) gives this court the discretion to strike the opening brief for noncompliance with the rules of court and allow an appellant to file a corrected brief. However, this would not be beneficial as we already declined to file Martin's opening brief on several occasions advising him to properly refer to the record in his opening brief. He also insists in the reply brief that his citation to two pages in the record is sufficient.